Hugh Jefferson OHLER, Jr., Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 22423.

United States Court of Appeals Fifth Circuit.

Feb. 14, 1966.

**880**

No appearance for appellant.

Sam R. Wilson, Asst. Atty. Gen., Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Allo B. Crow, Jr., Asst. Attys. Gen., Austin, Tex., for appellee.

Before JONES and BROWN, Circuit Judges, and DYER, District Judge.

PER CURIAM:

Appellant was convicted in state court for violation of the Uniform Narcotics Drug Act, Vernon's Ann.Tex.Pen.Code Ann. art. 725b (possession of heroin) and, by virtue of two prior burglary convictions, his punishment was enhanced to life imprisonment pursuant to Tex.Pen. Code Ann. art. 63, providing for mandatory life imprisonment upon third conviction for a felony less than capital. Since such use of Art. 63 is proper under Texas law, Feather v. State, 1960, 169 Tex.Cr.R. 334, 333 S.W.2d 851; Tomlin v. State, 1960, 170 Tex.Cr.R. 108, 338 S.W.2d 735; Appellant's conviction was affirmed. However, under Texas law, it is clear that had Appellant's prior felony convictions been for violations of the Narcotics Act (Art. 725b), rather than for burglary, Art. 63 could not have been used to enhance his punishment to a mandatory life sentence. Instead, his punishment would be governed by the Drug Act, Tex.Pen.Code Ann. art. 725b,

§ 23(1), which provides a sentence ranging from ten years to life upon the second or any subsequent conviction for violation of the Act. In such a case the prior narcotic convictions are elements of the latter offense under this special Act and cannot be used for enhancement purposes under the general provision of Art. 63. Fletcher v. State, 1960, 169 Tex.Cr.R. 506, 335 S.W.2d 613; Granado v. State, 1959, 168 Tex.Cr.R. 525, 329 S.W.2d 864; Parasco v. State, 1958, 165 Tex.Cr. R. 547, 309 S.W.2d 465. Cf. Edwards v. State, 1958, 166 Tex.Cr.R. 301, 313 S.W. 2d 618 (Art. 802b, rather than Art. 63, governs third conviction for driving while intoxicated).

Appellant contends that the use of Art. 63 to enhance his punishment denied him equal protection of the law, since there is no rational basis for distinction between two narcotic violators, one of whom has prior convictions for burglary and one of whom has prior convictions for narcotic violations. We disagree. The law recognizes many plausible distinctions between problems of narcotics and other types of crimes. There is no unreasonable or arbitrary classification which offends the Fourteenth Amendment. The district court's dismissal of Appellant's petition for habeas corpus was correct.

Affirmed.