**Rudolph GIL, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 30942.

United States Court of Appeals,
Fifth Circuit.

March 15, 1971.

Rudolph Gil, pro se.

Crawford C. Martin, Atty. Gen., of Tex., Roland Daniel Green, III, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Rudolph Gil, a Texas state prisoner, appeals from a judgment of the district court denying his petition for the writ of habeas corpus. The circumstances of his arrest, conviction for possession of narcotics paraphernalia and being a habitual criminal, and efforts at post-conviction relief are adequately set out in the opinion of the district court. *See* Gil v. Beto, W.D.Tex.1970, 323 F.Supp. 1264.

In the district court Gil alleged that his conviction was unlawful because it was based on evidence seized during an illegal search. It is undisputed that at the time the police officers broke into Gil's motel room they possessed neither an arrest nor a search warrant. Moreover, the State admitted that the officers did not think they had probable cause to arrest Gil until they looked in his motel room window and observed him and his companion in possession of narcotics paraphernalia. Therefore, argued Gil, under the decision of this Court in Texas v. Gonzales, 5 Cir. 1968, 388 F. 2d 145, he was the victim of an unreasonable search and seizure. We cannot agree.

In *Gonzales* we granted the prayer for habeas corpus relief because police officers went on Gonzales's private property without a warrant or probable cause and peered in his window. There we held that this unwarranted intrusion upon private property constituted an unreasonable search and that the evidence seized as a result should have been suppressed. *Gonzales,* however, is inapposite in a case such as this where police officers, who were on the grounds with the permission of the motel owner, stood in a common walkway and looked in an

unobstructed motel cabin window. No Fourth Amendment rights are violated when police officers are lawfully on the premises and merely observe what is in plain view. *See* Ponce v. Craven, 9 Cir. 1969, 409 F.2d 621, 624–625, cert. den. 397 U.S. 1012, 90 S.Ct. 1241, 25 L.Ed. 2d 424; Marullo v. United States, 5 Cir. 1964, 328 F.2d 361, 363–364, reh. den. 330 F.2d 609; *cf.* Harris v. United States, 1968, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067. For this reason we affirm the judgment of the district court denying Gil's petition for the writ of habeas corpus.

Since the issue is not properly presented by this case, we express no opinion on whether the principles announced in *Gonzales* should be applied retroactively.

Affirmed.[1]

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.