/s/ SARAH T. HUGHES
United States District Judge

Stephen Philbin, Dallas, Tex., court appointed for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Andrew Barr, Charles D. Cabaniss, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before COLEMAN, SIMPSON, and RONEY, Circuit Judges.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Vernon Elwin MORALES, Defendant-Appellant.**

**No. 29781.**

United States Court of Appeals, Fifth Circuit.

April 1, 1971.

Rehearing Denied May 18, 1971.

COLEMAN, Circuit Judge.

Appellant, Vernon Elwin Morales, was indicted for possessing and concealing falsely made and counterfeited obligations of the United States, in violation of Title 18, U.S.C. § 472. Prior to the trial, there was a motion to suppress the use of the counterfeit money seized by the police on March 20, 1969. After a hearing, this motion was overruled. The case was heard by a jury which returned a verdict of guilty on March 11, 1970. Morales was sentenced to fifteen years imprisonment. We affirm.

On March 13, 1969, at approximately 3:30 p. m. Gus Rose and Hank Moore, detectives in the Dallas Police Department, were sent by their supervisor to 5802 Oram Street in an attempt to see

and interview Morales and one Ted Austin. Soon after their arrival at the address, Morales, Ted Austin, and a girl came out of the house. Officer Rose recognized Morales and Austin from photographs and the girl from former arrests. When Detective Rose attempted to approach them, the individuals jumped into a Buick Riviera and fled. The officers gave chase for a distance of fifteen to twenty city blocks. Eventually, the car was halted, and the girl was apprehended. However, Morales and Austin made good their escape. Taking the girl into custody, the officers returned to the Oram Street address.

They were soon met by Detective F. E. Babb of the Dallas Police Department, who had been dispatched from headquarters. Babb was accompanied by Detective Marvin Johnson, which brought the number of officers at the scene to at least four. In investigating the events of the afternoon Babb questioned William Cupp, a resident of the house from which the appellant and his companion had left. Cupp, it turned out, was the father of the girl who had been apprehended. Babb asked Cupp who owned the 1965 maroon and white Chevrolet parked by the garage. Cupp answered that to the best of his knowledge the car belonged to Morales. When asked if he wanted the car to remain there, Cupp stated that he did not.

After questioning Cupp, Babb proceeded to the car, which was locked, and looked inside. On the passenger side he observed what appeared to be money protruding slightly from under the front seat. On the stack of "money" the top bill was printed so that *two* halves of *two* $10 bills appeared on the *same* side of *one* piece of paper. Of course, such a bill was obviously bogus. Faced with this evidence, Babb requested a coathanger from Cupp. Babb opened the car door by pushing the coathanger between the top of the window and the roof and pulling the door handle up. With the door opened Babb seized the counterfeit money on the floorboard and also some found in the glove compartment. The car was then impounded and the counterfeit money preserved for evidence. Subsequently the appellant was arrested.

It is obvious that Officer Babb was on Mr. Cupp's property with his implicit permission and was not a trespasser. Cupp testified in the case and offered no contention to the contrary. Indeed, he assisted in opening the locked door on the automobile.

Thus it is that the principles governing the disposition of this appeal were only this week again stated by this Court in Gil v. Beto, 5 Cir., 1971, 440 F.2d 666.

> "No Fourth Amendment rights are violated when police officers are lawfully on the premises and merely observe what is in plain view."

*Gil*, supra, was a case in which police officers, on the grounds of a motel with the permission of its owner, standing in a common walkway, saw Gil and a companion through an unobstructed cabin window in the possession of narcotics paraphernalia, whereupon they broke into the room, without a warrant, and seized the contraband.

The decision in *Gil* reaffirms what we had said in United States v. Davis, 5 Cir., 1970, 423 F.2d 974, cert. denied 400 U.S. 836, 91 S.Ct. 74, 27 L.Ed.2d 69 (1970).

> "The main consideration in applying this rule is to determine whether the observing officer had 'a right to be in the position to have that view'."

See, also, Williams v. United States, 5 Cir., 1968, 404 F.2d 493; Davis v. United States, 5 Cir., 1969, 409 F.2d 1095; Miller v. United States, 5 Cir., 1966, 356 F.2d 63, cert. denied 384 U.S. 912, 86 S.Ct. 1357, 16 L.Ed.2d 365.

There was no violation of Morales' Fourth Amendment rights and the judgment of the District Court is

Affirmed.