Eddie ESPINOZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 46031.

Court of Criminal Appeals of Texas.

April 18, 1973.

Rehearings Denied May 30, June 20, 1973.

Samuel L. Egger, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from a conviction of assault with intent to murder. Two prior convictions of felonies less then capital were used for enhancement, and punishment was assessed at life imprisonment pursuant to Article 63, Vernon's Ann.P.C.

Appellant makes no complaint regarding the initial phase of the trial and the jury findings of guilty on the charge of assault with intent to murder. Appellant's complaints relate to the punishment phase of the trial.

Initially, appellant contends that the court "erred in interpreting the indictment and proceeding on the theory that this was a case in which punishment can be enhanced under Article 63 of the Penal Code."

In addition to the single count of assault with intent to murder, the indictment contained two paragraphs which alleged for enhancement that the appellant had previously been convicted on the 15th day of September, 1954, for the offense of possession of heroin, and had been convicted on the 13th day of October, 1958, for the offense of sale of heroin which offense occurred after the judgment and sentence in the prior conviction had become final, and that this 1958 judgment and sentence became final prior to the commission of the primary offense.

■ Appellant is essence argues that the general recidivist statutes cannot be used for enhancement purposes where an accused has prior convictions for violation of the Narcotic Drug Act, Article 725b, V.A.P.C., since two prior narcotic convictions constitute the same offense precluding the application of Article 63, V.A.P.C. This argument is without merit.

The record clearly reflects that two separate and distinct prior offenses were committed and that the judgment and sentence for the first conviction (1954) had become final before the commission of the second (1958) offense, which latter judgment and sentence became final before the commission of the primary offense. The record also reflects that appellant's conviction on September 15, 1954, for possession of heroin was not used for enhancement of the conviction in 1958 for sale of heroin. This Court has held that two narcotic convictions are separate convictions. Parasco v. State, 165 Tex.Cr.R. 547, 309 S.W.2d 465; Garcia v. State, 135 Tex.Cr.R. 667, 122 S.W.2d 631; cf. Heredia v. State, Tex.Cr. App., 468 S.W.2d 833.

Appellant cites Ex parte Aaron, 169 Tex.Cr.R. 543, 336 S.W.2d 180 and Fletcher v. State, 169 Tex.Cr.R. 506, 335 S.W.2d 613 as authority for the contention that the prior narcotic convictions are inapplicable for enhancement purposes in this case.

Appellant's reliance on the aforementioned cases is misplaced. In both Aaron, supra, and Fletcher, supra, the primary offense was a narcotic violation with another narcotic violation alleged as a prior offense for enhancement under Article 63, V.A.P.C. In Fletcher, supra, 335 S.W.2d at page 614, this Court noted:

> "The prior conviction for the unlawful possession of marihuana made applicable the punishment provided in Section 23(1) of said Article *for 'the second or any subsequent conviction' for violating the provisions of Art. 725(b), V.A.P.C."* (Emphasis added.)

Article 725(b), Sec. 23(1) provides for enhancement of a subsequent conviction for a violation of that statute, not other felony offenses. Tomlin v. State, 170 Tex.Cr.R. 108, 338 S.W.2d 735. Therefore, Article 725b, supra, is not in issue in this case.

The Court stated in Tomlin, supra, at 737,

> "To the contrary, the punishment for violation of Art. 725b, V.A.P.C., . . . which is a felony less than capital, may be enhanced under Art. 63, Vernon's Ann.P.C., the other convictions being for other noncapital felonies . . ."

The converse is also true. Two separate non-capital felony convictions under Article 725b, V.A.P.C. may be used to enhance the punishment of Article 1160, V.A.P.C.,[1] being another non-capital felony. The trial court correctly applied Article 63, V.A.P.C. to the pleadings and evidence in this case. Appellant's first ground of error is overruled.

In his second and final ground of error appellant contends that the prior conviction in the Criminal District Court of Bexar County for possession of heroin, which was alleged in the third paragraph of the indictment for enhancement purposes, was

1. The penal statute on assault with intent to murder.

not a final conviction, because the sentence was not in accordance with the indeterminate sentence law.

Although this ground of error was properly preserved, this Court noted in McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521 at 524:

"  .  .  . Nor did the failure to apply the indeterminate sentence law affect the *finality* of the prior conviction. The indeterminate sentence only relates to the time required to be served in discharge of the punishment assessed  .  .  ." (Emphasis added.)

 Noncompliance with the indeterminate sentence law does not vitiate a prior conviction. Blankenship v. State, Tex.Cr.App., 432 S.W.2d 945. Appellant's final ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.