**Jesse CAPUCHINO,
Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 74–1689.

United States Court of Appeals,
Fifth Circuit.

Jan. 13, 1975.
Rehearing and Rehearing En Banc
Denied Feb. 14, 1975.

---

William M. Schur, Ft. Worth, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Andrew W. Carruthers, Mark Perlmutter, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before BELL, AINSWORTH and RONEY, Circuit Judges.

PER CURIAM:

Jesse Capuchino was convicted in 1964 by a Texas state jury of possession of narcotics paraphernalia. With two prior non-capital felonies used for enhancement, he received a life sentence pursuant to then Article 63 of the Vernon's Ann. Texas Penal Code (repealed January 1, 1974), now V.T.C.A., Penal Code § 12.42(d). The conviction was affirmed on direct appeal, Capuchino v. State, 389 S.W.2d 296 (Tex.Crim.App.1965), cert. denied, 386 U.S. 928, 87 S.Ct. 869, 17 L.Ed.2d 800 (1967). Here Capuchino appeals from a judgment of the district court denying his petition for habeas corpus relief. He presents essentially four points for review:

    (1) that the evidence relevant to his guilt or innocence was obtained during an illegal search and seizure;

(2) that Article 63 of the Texas Penal Code is unconstitutional as written;

(3) that a life sentence is cruel and unusual punishment under the facts of this case; and

(4) that he was denied a fair trial when his jury was informed of prior convictions unrelated to the offense with which he was charged.

None of these points warrants reversal of the district court's decision.

### Illegal Search

█ In Gil v. Beto, 440 F.2d 666 (5th Cir. 1971), we upheld the precise search challenged by Capuchino. Rudolf Gil was with Capuchino at the time of the search and arrest. A comparison of this record with the record in Gil v. Beto reveals that the facts developed at trial in both cases are substantially the same. The same picture of the search scene was in evidence in both cases. By settled principles of *stare decisis* we must decide this issue adversely to Capuchino.

### Constitutionality of Article 63

█ Article 63 of the Texas Penal Code has been upheld as constitutional in the face of challenges that it establishes unreasonable or arbitrary classifications in violation of the equal protection clause of the Fourteenth Amendment, Ohler v. Beto, 356 F.2d 879 (5th Cir. 1966), and that it violates the double jeopardy clause of the federal constitution. Woodard v. Beto, 447 F.2d 103 (5th Cir.), cert. denied, 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275 (1971). Relying on Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), Capuchino contends for the first time that the statute is unconstitutional because it imposes an enhanced or differentiated penalty because of his *status* as a recidivist. The *Robinson* case concerned a statute making an alleged involuntary status, narcotic addiction a criminal offense. The theory of that case does not support an argument against a statute which enhances the punishment of a multiple offender against laws which require voluntariness for their breach.

### Cruel and Unusual Punishment

█ Arguing the invalidity of the statute as applied to him, Capuchino asserts that in 1973 the Texas legislature enacted a new "Controlled Substance Act" which substantially modified the punishment scheme of the old Uniform Narcotic Drug Act. Under this new Act, possession of a hypodermic needle does not constitute an offense, either felony or misdemeanor, unless the needle has on it at least a trace of heroin or some other controlled substance. Vernon's Ann.Civ.St. Art. 4476–15, § 4.07(a). Even if traces of heroin are found on a hypodermic needle under the new statute, the offense committed is a mere class A misdemeanor punishable by a maximum sentence of a $2,000 fine plus a jail term not to exceed one year. Vernon's Ann.Civ.St. Art. 4476–15, § 4.07(b). Thus, if convicted under the law in effect today, Capuchino could not have been subject to an enhanced sentence. He would have served no more than one year in jail. Under these circumstances he makes an appealing argument that the recidivist life sentence he received is so excessive and disproportionate as to constitute cruel and unusual punishment. The law, however, supports the sentence.

In Rogers v. United States, 304 F.2d 520, 521 (5th Cir. 1962), we stated that the test for cruel and unusual punishment is whether the punishment "is so greatly disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice." Although the Texas legislature has since seen fit to modify its laws relating to narcotics, the punishment meted to Capuchino, a man previously convicted of assault with intent to murder, burglary, and a federal narcotic violation, was not "arbitrary and shocking to the sense of justice" at the time it was given. Appellant has referred us to the case of Hart v. Coiner, 483 F.2d 136 (4th Cir. 1973), cert. denied, 415 U.S. 983, 94 S.Ct. 1577, 39 L.Ed.2d 881 (1974). There a

recidivist mandatory life sentence was held to be cruel and unusual punishment where a man convicted of perjuring himself at the murder trial of his son had his sentence enhanced by previous convictions for writing a check on insufficient funds for $50 and for interstate transportation of forged checks worth $140. We find the circumstances of that case readily distinguishable from this one and do not feel that it calls for a different result from the one we reach here.

### Evidence of Prior Convictions

 Both the Supreme Court and this Court have held in recidivist or habitual offender proceedings that there is no denial of due process when the jury which decides guilt is informed by the indictment and the evidence that defendant has been convicted of prior offenses. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1966); Breen v. Beto, 341 F.2d 96 (5th Cir. 1965), cert. denied, 386 U.S. 926, 87 S.Ct. 867, 17 L.Ed.2d 798 (1967).

Affirmed.