# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2024

Lyle W. Cayce
Clerk

No. 23-60501
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Waltravious Leeandre Watson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CR-102-1

_____

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Waltravious Watson appeals his conviction of possession of a firearm by a felon. In particular, he challenges the denial of his motion to suppress evidence found in a warrantless search of his house. We review the district court's legal conclusions *de novo* and its factual determinations for clear error, viewing the evidence in the light most favorable to the government as the prevailing party on the motion to suppress. *See United States v. Williams*,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60501

880 F.3d 713, 717 (5th Cir. 2018).

As a condition of his probation after a burglary conviction, Watson was required (1) to permit the probation officer ("PO") to visit him at his home and (2) to submit his place of residence to searches by Mississippi Department of Corrections ("MDOC") officers or other law enforcement officers. Acting on a tip, the PO, accompanied by local law enforcement agents, conducted a home visit, during which drugs were seen in plain view and Watson admitted that guns and additional drugs were there.

In challenging the denial of suppression, Watson maintains that the tip received by the PO was not reliable and therefore did not create reasonable suspicion. He further asserts that the PO's announcement that she was conducting a home visit was a subterfuge to get Watson to consent to a criminal investigatory search without the requisite reasonable suspicion, in violation of MDOC policy.

Under the terms of Watson's probation, the PO was permitted to conduct the home visit even without reasonable suspicion that Watson was engaging in criminal activity. *See United States v. LeBlanc*, 490 F.3d 361, 368–69 (5th Cir. 2007). Accordingly, the entry for the home visit and the observation of what was in plain view did not violate Watson's Fourth Amendment rights. *See LeBlanc*, 490 F.3d at 370; *see also Gil v. Beto*, 440 F.2d 666, 667 (5th Cir. 1971). The PO's subjective motive is irrelevant under the Fourth Amendment. *See Brigham City v. Stuart*, 547 U.S. 398, 404 (2006). Any purported noncompliance with MDOC policy is also irrelevant to whether the conduct violated the Fourth Amendment. *See United States v. Thomas*, 997 F.3d 603, 616 (5th Cir. 2021).

Finally, the observation of the suspected drugs in plain view provided reasonable suspicion supporting the search. *See Williams*, 880 F.3d at 721; *United States v. Worthington*, 544 F.2d 1275, 1280 (5th Cir. 1977). Because

No. 23-60501

the warrantless search was supported by that reasonable suspicion and also authorized by a condition of probation, it was reasonable under the Fourth Amendment. *See United States v. Knights*, 534 U.S. 112, 122 (2001).

In sum, the district court did not err in denying the motion to suppress. *See id.* at 118–22. The judgment of conviction is AFFIRMED.