UNITED STATES of America

v.

Roland C. SHELVY, Jr., a/k/a Carl R. Shelby, Appellant.

No. 24360.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 14, 1972.

· Decided Feb. 23, 1972.

Mr. Ralph J. Temple, Washington, D. C. (appointed by this court) for appellant.

Mr. Robert S. Tignor, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, TAMM, Circuit Judge, and MAT-THEWS,* U. S. Senior District Judge for the District of Columbia.

PER CURIAM:

Appellant was convicted of armed robbery, 22 D.C.Code § 3202, and two counts of assault with a dangerous weapon, 22 D.C.Code § 502. The pertinent facts reveal that at about 2:30 P. M. of September 23, 1969, two men robbed the Arena Liquor Store, taking approximately $600 including some $36 in change. One of the men, subsequently identified as appellant, was described as wearing red striped shirt and pants. About one-half hour later, an eight year old boy told a police officer searching for the fleeing offenders that a strange man, dressed in red striped shirt and pants, had entered his house and offered him a dollar to borrow some of his father's clothes. Appellant was then arrested inside the boy's home, one block from the scene of the robbery, still wearing the same striped shirt and pants, and in possession of $143 including about $12 in change.

* Sitting by designation pursuant to 28 U.S.C. § 294(c) (1970).

■ On appeal, two contentions merit discussion. Appellant first argues that it was error, even in the absence of request by defense counsel, for the trial court to omit a special instruction on identification. In Macklin v. United States[1] the Court stated that "[i]n cases where identification is a major issue the judge should not rely on defense counsel to request so important a charge."[2] In the context of this case, however, we are convinced that the trial court's failure to offer such an instruction was harmless. First, any uncertainties in the witnesses' identifications were thoroughly aired by defense counsel on cross-examination[3] and emphasized in his summation to the jury.[4] Second, and more important, the evidence of guilt was overwhelming even in the absence of the identification testimony. Appellant was apprehended one block from the scene of the crime, wearing the same distinctive clothing that was worn by the robber and in the process of trying to obtain a change of clothing in the home of a complete stranger. In addition, a large amount of change was taken in the robbery and appellant had a large amount of change on his person at the time of his arrest. Given the circumstances of this case, we find the failure to give a special identification instruction harmless.

■ Appellant's second contention is that he was denied effective assistance of counsel. In this context the applicable constitutional measure of counsel's performance is whether counsel failed "to press an essential or central element of defense." United States v. Hammonds, 138 U.S.App.D.C. 166, 171, 425 F.2d 597, 602 (1970). Here appellant's principal defense was mistaken identity.

1. 133 U.S.App.D.C. 139, 409 F.2d 174 (1969).

2. Id. 409 F.2d at 178.

3. Tr. 61, 73.

4. Counsel's closing argument consisted, in part, of the following:

It is up to the Government to prove their case beyond a reasonable doubt. Any person accused of a crime has a presumption of innocence. Until the Government overcomes that presumption, you cannot find him guilty beyond a reasonable doubt.

*        *        *        *        *

Then we have the two victims of the crime. Mr. Alberstadt, the owner of the liquor store, testified that he went to the lineup. And he at the lineup, he identified one man, if you remember his testimony. He was completely in error, and the fellow he identified at the lineup had nothing to do with this case whatsoever.

Then he identified No. 5 in the lineup. Number 5, by number he was No. 11 at the lineup, who was Mr. Shelvy. But I submit to you, ladies and gentlemen of the jury, Mr. Alberstadt was so positive of his identification and yet he picked out a man who he admitted was completely wrong, he wasn't the man at all. He described the man as short and fat, yet he identified another man at the lineup.

*        *        *        *        *

Mr. Jones had the same opportunity to observe the people in the store.

In fact, he had more opportunity than Mr. Alberstadt, because his testimony was that he was in the refrigerator longer than Mr. Jones, and he had more opportunity to observe him.

And he went to the lineup, and he wasn't sure whether Mr. Shelvy was the man or not.

I submit to you, again, if he is in doubt as to Mr. Shelvy's identification, you ladies and gentlemen of the jury should be in some doubt as to whether Mr. Shelvy is actually the man.

*        *        *        *        *

. . . Mr. Jones had more of an opportunity to observe the two people in the store than Mr. Alberstadt, yet he could not identify anyone, except that he thought that No. 11 might be the man.

So in summing up, ladies and gentlemen, when you go back to the jury room, just remember at this point that the defendant has the presumption of innocence. It is up to the Government to prove their case beyond a reasonable doubt.

And I submit to you the fact that both victims of this crime are in doubt and were in doubt at the lineup as to who actually held them up, I submit to you that you, after hearing the evidence, cannot possibly find the defendant guilty, for to do that you must find him guilty beyond a reasonable doubt.

Supp. Tr. 5–9.

This defense centered on the fact that the lineup identifications of appellant by both witnesses were susceptible to impeachment. Mr. Alberstadt, the owner of the liquor store, unqualifiedly identified appellant as one of the perpetrators of the crime, but he also incorrectly identified a second man as appellant's companion. Mr. Jones, an employee at the liquor store, was unable to make a positive identification, testifying only that appellant "looked like" one of the men who robbed the store.

Rather than failing to press this element of the defense, counsel's cross-examination of Alberstadt and Jones brought out both these deficiencies [5] and he later stressed them in his closing argument to the jury.[6] Appellant asserts, however, that the failure to request a specific instruction on mistaken identity vitiates counsel's prior performance and establishes the ineffectiveness of his representation.[7] True, we do not reverse the conviction even though no such instruction was given. But we reach that conclusion only because the error was harmless, and not because of the failure to request the instruction. The failure to request the instruction did not, therefore, prejudice the defense and cannot render counsel's otherwise adequate presentation of the mistaken identity defense constitutionally inadequate.[8]

Accordingly, appellant's conviction is Affirmed.

5. *See* note 3 *supra.*

6. *See* note 4 *supra.* *Compare* United States v. Hammonds, 138 U.S.App.D.C. 166, 425 F.2d 597 (1970); Matthews v. United States, 145 U.S.App.D.C. 323, 330, 449 F.2d 985, 992 (1971) (opinion on rehearing).

7. Appellant also asserts that the lineup at which he was identified was suggestive because only he had an Afro-bush haircut. He argues that trial counsel's failure to pursue this point is further evidence of his ineffectiveness. We have examined the photograph of the lineup and it provides no basis for challenging the conclusion of trial counsel—who was himself present at the lineup—as to the fairness of the presentation.

8. Appellant additionally points to counsel's absence at the arraignment as es-

tablishing ineffective assistance of counsel. In United States v. Ridley, 134 U.S. App.D.C. 79, 412 F.2d 1126 (1969), this Court noted that the "lack of counsel at arraignment is symptomatic of the accused's not having counsel during other early stages of the case following indictment . . . ." *Id.* 412 F.2d at 1127 n. 2. Here, however, counsel was appointed long before the arraignment and was present at both the lineup and preliminary hearing. Viewing the record as a whole, United States v. Hammonds, 138 U.S.App.D.C. 166, 171, 425 F.2d 597, 602 (1970), neither counsel's absence at arraignment, nor the other alleged errors unrelated to the identity defense, establish counsel's performance as generally "mechanical, perfunctory and ineffective." *Id.* 425 F.2d at 603.