UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles HODGES, Defendant-Appellant.

No. 74–1319.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 3, 1974.

Decided May 14, 1975.

Rehearing and Rehearing En Banc
Denied Sept. 10, 1975.

Jean Powers Kamp, Federal Defender Program, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Gary L. Starkman, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Circuit Judge, LAY, Circuit Judge,* and GRANT, Senior District Judge.**

GRANT, Senior District Judge.

Appellant was charged in a one-count indictment with possession of a check stolen from the mail, with knowledge that it was stolen, in violation of 18 U.S.C. § 1708. After a trial by jury, he was convicted and sentenced to probation for a period of three years. The check in question was an Illinois Public Assistance check payable to the order of one Paul Watkins in the amount of $144.12. With the check, appellant first attempted to purchase a bottle of whisky at Angelo's Liquors, a store in Wilmington, Illinois. However, an employee of the store, Charles Toncrey, refused to cash the check after consulting with the owner, Angelo Aggelopoulous. Appellant then proceeded to go to a Western Auto Store in Coal City, Illinois, where he used the check to purchase a child's bicycle. Clarence A. Rolando, the owner of the store, honored the check but then alerted police after the transaction because of appellant's activities subsequent to the purchase. Shortly thereafter appellant was arrested. The government's case rested almost entirely upon the three eyewitness identifications of Toncrey, Aggelopoulous, and Rolando. Each of these persons positively identified appellant as the man who had attempted to cash the check. At appellant's trial, nevertheless, the court refused to give an identification instruction tendered by appellant's counsel because the court considered the instruction to be argumentative as well as a comment on the

evidence. The sole issue in this appeal is whether the trial court erred in refusing to give to the jury appellant's requested instruction regarding eyewitness identifications.

. Appellant contends that an instruction telling the jury that identification was the sole issue in the case was required in the court below because: (1) there was a 15-month delay between the crime and the in-court identifications; (2) a show-up instead of a line-up was used at the Coal City police station to identify him; and (3) two of the witnesses, Toncrey and Aggelopoulous, were not able to identify, immediately before trial, the picture which showed what appellant looked like on the day of the arrest. Under these circumstances, appellant argues that the instruction which he tendered was neither argumentative nor a comment on the evidence. Rather, it served to focus the jury's attention on the true issue before them. Further, appellant maintains that an identification instruction must be given where, as here, it is supported by the evidence and requested by the defense. Finally, appellant cites the Court to the tendency of many Circuits to give such an instruction for the reason that "testimony tending to prove identity is to be scrutinized with extreme care." It is appellant's position in this appeal, therefore, that based on the circumstances of the present case, an instruction focusing the attention of the jury on the defense of misidentification was appropriate and should have been given by the trial court. However, since the instruction was not given, appellant urges this Court to reverse his conviction and remand the cause for a new trial under proper instructions.

In response, appellee maintains that, although there are some factual situations which would compel an instruction which warns the jury to closely scrutinize identification testimony, the factual

---

* Circuit Judge Donald P. Lay of the United States Court of Appeals for the Eighth Circuit at Omaha, Nebraska, is sitting by designation.

** Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

circumstances of the instant case do not require such an instruction. In this regard, appellee emphasizes that in the present case there is neither the uncorroborated testimony of a single eyewitness nor a situation where a conviction has resulted from an identification during a confusing affray of short duration involving a number of participants. Instead, in the instant case, appellee notes that there were three positive identifications made from direct observation which were, in turn, corroborated by the identification of the arresting officer, Rodney Soper. Since the witnesses here, argues appellee, had the opportunity to observe the accused, were positive in their identifications, were not weakened by prior misidentification, and remained unqualified after cross-examination, an instruction on the dangers of identification testimony was not warranted by the facts. It is appellee's position, then, that the likelihood of misidentification in the present case was virtually nonexistent.

In any event, appellee notes that many Circuits have left the matter of giving an identification instruction to the trial judge's discretion. In this regard, some courts have found such an instruction to be superfluous in light of adequate cross-examination, summation, and appropriate burden of proof and credibility instructions. In the instant case, appellee maintains that cross-examination focused on the possibility of mistaken identification and that counsel's summation plainly apprised the jury that the identification made by the witnesses was the underlying issue in the case. Therefore, appellee argues that the identification issue was fully aired and argued before the jury, and that the jury was clearly aware of its duty to find beyond a reasonable doubt that appellant was properly identified as the person who attempted to cash the check. The trial court's refusal to give appellant's tendered identification instruction, then, was not error, contends appellee. Accordingly, we are urged to affirm the judgment of conviction in the court below.

■ Although it has been recognized that the giving of instructions on identification is largely within the discretion of the trial judge, United States v. Sambrano, 505 F.2d 284, 286 (9th Cir. 1974); United States v. Evans, 484 F.2d 1178, 1188 (2d Cir. 1973), and that in certain factual circumstances the failure to give an identification instruction has been determined to be harmless, United States v. Shelvy, 148 U.S.App.D.C. 1, 458 F.2d 823 (1972),[1] it has also been stated that trial courts should, as a matter of routine, in cases where identification is a key issue, include an identification instruction which emphasizes to the jury the need for finding that the circumstances of the identification are convincing beyond a reasonable doubt. United States v. Telfaire, 152 U.S.App.D.C. 146, 469 F.2d 552, 555 (1972). In Telfaire, the District of Columbia Circuit adopted generally for judges within the district a model instruction using material from Judge Aldisert's opinion in United States v. Barber, 442 F.2d 517 (3d Cir. 1971), but permitting variation and adaptation to suit the proof and contentions of a particular case. 469 F.2d at 558–559. In this Circuit, although such an instruction or variation thereof, has not been absolutely required in the past, we inferentially, at least, recognized the need for an instruction of the kind that was refused in the instant case in United States v. Dichiarinte, 385 F.2d 333 (7th Cir. 1967). Moreover, we stated in United States v. Napue, 401 F.2d 107, 112 (7th Cir. 1968), that the "better practice" would be to give some instruction on mistaken identity even though the instruction given need not necessarily be

1. In *Shelvy*, the failure to give an identification instruction was harmless where uncertainties in the witnesses' identifications were thoroughly aired by defense counsel on cross-examination and emphasized in summation to the jury, and where the evidence of guilt was overwhelming. See also *Evans, supra*, where the court's refusal to give an additional specific charge on the dangers of eyewitness identification was not improper where a full opportunity had been afforded to counsel to develop all facts relevant to the defendant's identification, and where the court gave careful and accurate instructions to the jury.

in the exact form as offered by the defense. We now adopt what we labeled to be the better practice in *Napue, supra,* as the required practice in this Circuit; and although it is not our intention to require that the *Telfaire* model be given verbatim, we hereby publish notice that we shall in the future view with grave concern the failure to give the substantial equivalent of such an instruction.

█ This decision which we render today is influenced by many what we believe to be serious considerations relative to the administration of criminal justice. First and foremost, although we realize, on the basis of our careful review of the record herein, that the subject of identification was explored by counsel at appellant's trial on cross-examination as well as in final argument, and that the court's instructions to the jury were indeed accurate as to the burden of proof required in criminal cases and concerning the credibility of witnesses, and that the existence of these circumstances has induced some courts to decline to give a detailed charge on eyewitness identification, we are not persuaded to say that the existence of such circumstances necessarily obviates the giving of such an instruction to the jury. Further, we are not completely satisfied that in the instant case the existence of such circumstances served to focus the jury's attention on the issue of identity. In this regard, we are mindful of what the Second Circuit Court of Appeals stated in *Evans, supra,* 484 F.2d at 1187, with respect to the trial court's failure to give a specific charge to the jury on the dangers of eyewitness identification:

There is no question that identification testimony is notably fallible, and the result of it can be, and sometimes has been, 'the greatest single injustice that can arise out of our system of criminal law,' Gregory v. United States, 125 U.S.App.D.C. 140, 369 F.2d 185, 190 (1966), namely the conviction of the wrong man through a mistake in identity. The dangers in this area have been well chronicled, and have been the proper subject of careful attention in this and many other courts . . . .

Since it is our goal to guard against the occurrence of such injustice, we are convinced that neither summation of counsel at the close of the evidence, however prolonged or explicit, nor cross-examination as to the matter of identification by defense counsel adequately protects a defendant against the dangers of misidentification which are inherent in eye witness testimony. Nor do we believe that such summation and cross-examination by counsel may substitute for proper instructions to the jury by the court. In cases such as the present, where the issue of identification is paramount, we define proper instructions to include an identification instruction, when it is tendered to the court, in addition to accurate instructions as to burden of proof and the credibility of witnesses. As the District of Columbia Circuit stated in Salley v. United States, 122 U.S.App. D.C. 359, 353 F.2d 897, 899 (1965): It is the obligation of the trial judge "to instruct the jury that if there was a reasonable doubt as to the identification of the defendant as the person who [committed the crime], then the jury should acquit."

█ We believe that the *Salley* decision lays down the correct rule of law and that the *Telfaire* case propounds an appropriate model instruction to be applied in cases where, as here, the crucial issue involved is the defendant's identification, and where an instruction specifically bringing the identity issue to the jury's attention is requested by counsel and tendered to the court. Accordingly, since we find that the district court's grounds for refusing to give and its subsequent failure to give to the jury the identification instruction tendered by appellant or an appropriate equivalent thereof based on the facts of the case constituted error, the judgment of conviction in the court below is hereby reversed, and the cause is remanded for a new trial in conformity with this opinion.