UNITED STATES of America, Plaintiff,

v.

Darrell BIDDINGS, Defendant.

No. 75 CR 212.

United States District Court,
N. D. Illinois, E. D.
Jan. 15, 1976.

Samuel K. Skinner, U. S. Atty., and Michael D. Groark, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

---

David P. Schippers, Chicago, Ill., for defendant.

## DECISION ON MOTION TO DISMISS THE INDICTMENT

McMILLEN, District Judge.

Both sides have moved to dismiss the indictment in the above-entitled cause, and the government has supported its motion with copies of the investigative report, including Form USA-900 which resulted in authorization from the Assistant Attorney General, Criminal Division, to dismiss on November 4, 1975. The facts are fully summarized in the latter document, making it unnecessary to refer specifically in this decision to the individual investigative reports of the Federal Bureau of Investigation.

The defendant was found guilty by a jury on all three counts of an indictment charging kidnapping two persons and transportation of a stolen automobile in interstate commerce, using a gun. At the trial, the government introduced unequivocal eyewitness identifications not only by the two victims of the kidnapping and auto theft but also by several employees and patrons of a restaurant in Chicago which was held up allegedly by the same defendant shortly before the Federal offenses. The connection between the two occurrences was supplied by certain statements made by the offender to the two kidnapping victims and also by some of the circumstances and events which transpired at the holdup.

Approximately one month after the verdict was returned and publicized, two young women volunteered to the authorities in Gary, Indiana that the robbery of the restaurant had not been committed by the defendant but by one Larry Edwards who was by that time incarcerated in the Indiana penitentiary for two armed robbery convictions. These two women stated that they were in the restaurant with Larry Edwards and his brother Oscar Edwards shortly before the holdup and that Larry had stated he was going to commit this offense, whereupon they left. They did not see the holdup and knew nothing of the subsequent kidnapping or interstate transportation of the stolen automobile, except by hearsay, but the circumstances lend credibility to their statements on both events.

The convictions of Larry Edwards for the State offenses are now on appeal. Therefore, he has declined to give any statement to Federal authorities. His brother Oscar has admitted that they were in the restaurant with the two girls shortly before the holdup but has not implicated Larry in the robbery except circumstantially.

The eyewitnesses from the restaurant holdup and also the two kidnap victims have viewed the defendant and the two Edwards brothers in a lineup and have reaffirmed their identification of the defendant, with one exception. Ruth Beasley, who was in the restaurant did identify Larry Edwards as the holdup man and Oscar Edwards as possibly the look-out, when viewed at the lineup. Also, Stanley Gassion, who did not testify in the *Biddings* trial, has stated that a photo of Larry Edwards "favors" the person who kidnapped him and stole his automobile on the day before the events in question. His auto closely resembles one which was seen near the restaurant holdup on February 7, 1975.

The court has granted a new trial to the defendant because of the after-discovered witnesses and the change of identification by one of the trial witnesses. It now becomes a question of whether a new trial should be held or the indictment dismissed on the government's motion. The law on the responsibility of the court to approve dismissals of indictments under F.R.Cr.P. 48(a) has been most carefully and perceptively analyzed by the late Judge Alfred Murrah in *United States v. Cowan,* 524 F.2d 504 (5th Cir. 1975). Judge Murrah's court reversed the trial court for its refusal to allow the prosecutor to dismiss an indictment pursuant to a plea agreement and prior to trial, but he pointed out that the prosecutor's discretion is not absolute. The entire opinion is eminently worthy of quotation herein, but its essence is summarized at page 513 as follows:

. . . The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.

We are advised that the mandate in the *Cowan* case has been stayed, presumably to afford the government an opportunity to seek certiorari on this novel and important question of the proper balance between the Executive and Judicial branches in prosecuting Federal offenders.

The case at bar presents a more compelling situation for denying dismissal than in *Cowan.* The two victims of the Federal offense have not recanted and believe that the defendant Darrell Biddings is the individual who kidnapped them, drove their automobile for several miles, and finally shot them as they were fleeing. They have no reason to be prejudiced against this defendant or to favor Larry Edwards. Also, the victims of the holdup in the restaurant which immediately preceded the kidnapping and theft of the second automobile are generally in agreement that Biddings and not Edwards committed this offense, yet the Illinois authorities have indicated to the United States Attorney that they will not prosecute for the holdup. Thus the court is presented with a situation where several serious crimes have been committed by one or more individuals, one of whom has been convicted on positive and corroborated eyewitness identifications, and whose alibi defense has been rejected by a jury. Juxtaposed to these circumstances is the accusation, by two girls who are friendly with the defendant Biddings, of a man who is now serving two life terms in the Indiana penitentiary.

We believe that it would delegate to the prosecutor the right to decide between conflicting evidence and make a mockery of the grand jury system and of the law of identification if this indictment is abandoned under these circumstances. See *United States v. Telfaire,* 152 U.S.App.D.C. 146, 469 F.2d 552, 558 (1972); *United States v. Hodges,* 515 F.2d 650 (7th Cir. 1975). The manifest public interest, represented by several unrecanting victims, requires a trial to vindicate them or the defendant, as alternatively requested by his attorney.

At the time of original trial we commented that the only offenses for which Biddings was indicted were the kidnapping and the interstate transportation of a stolen vehicle. The proof of the robbery of the restaurant was ancillary to this charge and was merely to fortify the government's belief that the same person committed both offenses. This may very well have been the case, but on the other hand the indictment can be tried without any testimony from the witnesses at the restaurant robbery. This is not to say that the defendant will not bring this out, but if he does so, he will then be confronted with several additional unimpeached eyewitnesses who presumably will identify him as the culprit.

On the possibility that the conviction of Larry Edwards will be affirmed on appeal and that he will then agree to talk to the authorities or can be indicted for these offenses, or upon the further possibility that the eyewitnesses who have not recanted would do so if offered immunity from prosecution for perjury or if they were more fully advised, this case need not be re-tried immediately. In order to ascertain the position of the parties, however, it will be called for a status report on January 20, 1976 at 10:00 a. m.