George BROWN, Jr.,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director,
Division of Correction, State of
Florida, Respondent-Appellee.

No. 77–2758
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 21, 1978.

George Brown, Jr., pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Robert J. Landry, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

The opinion and judgment of this Court of May 30, 1978 are hereby withdrawn, and the following opinion substituted.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

The District Court denied George Brown, Jr.'s petition for habeas corpus and he appeals. Brown contends that the District Court erred in failing to conduct an evidentiary hearing on his claims that: (i) evidence used against him at his trial was wrongfully seized in a warrantless arrest and search; (ii) he was charged by information rather than by indictment by a grand jury; and (iii) his life sentence for an armed robbery in which he netted only $71.00 was excessive.

■ The District Court correctly held that appellant's search and seizure claim was barred by reason of previous adjudication. The District Court's record in No. 69–189–Civ–T shows that relief was denied on this claim in September 1969, and a certificate of probable cause denied in March 1970. Appellant did not press his application for a certificate to this Court. However, he subsequently filed a successive federal habeas petition which raised the search and seizure issue as one ground for the writ. [No. 70–96–Civ–T.] The District Court denied habeas relief and a certificate of probable cause, and, in February 1971, a Judge of this Court denied a motion for a certificate of probable cause. Successive habeas petitions based on the same grounds need not be adjudicated on their merits. 28 U.S.C. § 2244; *Scarborough v. Wainwright,* 5 Cir., 1968, 404 F.2d 318.

■ Furthermore, the appellant concedes that the trial court did hear evidence on the motion to suppress the evidence. It appears that Brown had a full and fair opportunity to litigate the search and seizure claim in the state courts; he is not entitled to relitigate the claims in a federal forum. *Stone v. Powell,* 1976, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067. Because a hearing was held at Brown's trial, he cannot be heard to complain that he did not receive another opportunity to be heard on the same point in his state postconviction proceedings.

■ There is no merit to Brown's contention that he had a constitutional right to be indicted rather than charged by an information. The Due Process Clause of the Four-teenth Amendment "does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury." *Alexander v. Louisiana,* 1972, 405 U.S. 625, 633, 92 S.Ct. 1221, 1226–27, 31 L.Ed.2d 536, 543.

■ Finally, there is no merit to Brown's assertion that he is entitled to federal habeas relief on the ground that his life sentence was excessive. The sentence did not exceed the maximum authorized by statute for armed robbery, a maximum based not on the value of the property stolen but on the use of weapons and the threat of violence. We cannot disturb a sentence within the statutory maximum absent a showing that the judge clearly abused his discretion in determining the severity of the punishment. See, e. g., *United States v. Gray,* 5 Cir., 565 F.2d 881. Nor is there any support for an argument that the life sentence is so grossly disproportionate to the crime committed as to be vulnerable to Eighth Amendment attack. The violent nature of the offense alone makes such an attack almost frivolous. See *Capuchino v. Estelle,* 5 Cir., 1975, 506 F.2d 440, *cert. denied,* 423 U.S. 842, 96 S.Ct. 75, 46 L.Ed.2d 62 (life sentence under Texas recidivist statute upheld for defendant convicted of assault with intent to murder and of burglary, a crime which involves a potential for violence).

AFFIRMED.