**Benjamin HARRIS, Petitioner,**

**v.**

**Donald CLUSEN, Respondent.**

**Civ. A. No. 79–C–631.**

United States District Court,
E. D. Wisconsin.

April 15, 1980.

---

7. In view of my ruling on the statute of limitations defense, the Rule 17(a) portion of the motion need not be reached.

Benjamin Harris, pro se.

Bronson C. La Follette, Atty. Gen., and Kirbie Knutson, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The petitioner Benjamin Harris was convicted in Milwaukee County Circuit Court on July 23, 1976, of armed robbery, in violation of § 943.32(1) and (2), Wis.Stats., and sentenced to an indeterminate term of twelve years' imprisonment. His conviction was affirmed by the Wisconsin Court of Appeals, and his petition to appeal to the Wisconsin Supreme Court was denied.

Presently pending before this court is petitioner's application for a writ of habeas corpus, which application will also be denied.

The petition is pro se and the handwritten materials which petitioner has submitted are voluminous. The Court has had some difficulty in determining the bases for relief which petitioner is now asserting, but they appear to be (1) the sufficiency of the evidence to sustain his conviction, (2) the incompetence of counsel, (3) the failure of the trial court to give petitioner's requested instruction on eyewitness identification, (4) the admission of testimony about an unduly suggestive photographic identification of petitioner, and (5) cruel and unusual punishment in the imposition of a twelve-year sentence.

The petitioner was accused of robbing an ice cream parlor in Milwaukee late on a Sunday afternoon. Two waitresses and two customers made photographic identifications four days after the robbery and eyewitness identifications in court during the trial, and one of the customers testified that she had seen the butt of a gun in petitioner's pocket. Petitioner presented an alibi defense. He and several members of his family testified that he had been at a family gathering in Chicago on the day the robbery occurred.

In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), the Supreme Court stated that on review of a habeas corpus petition challenging the sufficiency of evidence to sustain a conviction, " * * * the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. * * * " Viewing the evidence in this case in the light most favorable to the prosecution, four persons identified the petitioner as the person who committed the armed robbery, and one testified that she saw a gun in petitioner's possession during the commission of the robbery. Given the directly contrary testimony of petitioner's witnesses that he was

in Chicago at the time, the jury as the trier of facts was required to choose between believing the prosecution's or the petitioner's witnesses, and it was entitled to make that choice in the manner which it did.

■ Petitioner also contends that he has a history of mental breakdown and that his counsel should have entered a plea on his behalf of not guilty by reason of mental disease or defect. A defendant's Sixth Amendment right to counsel is not violated so long as he has legal representation which meets a minimum standard of professional competence. *United States ex rel. Williams v. Twomey,* 510 F.2d 634 (7th Cir. 1975), cert. denied sub nom. *Sielaff v. Williams,* 423 U.S. 876, 96 S.Ct. 148, 46 L.Ed.2d 109 (1975). Effective assistance does not require the absence of all errors in trial tactics or strategy, particularly where trial counsel might legitimately disagree about how best to proceed under the circumstances of a particular case. *United States ex rel. Robinson v. Pate,* 312 F.2d 161 (7th Cir. 1963), cert. denied 373 U.S. 943, 83 S.Ct. 1553, 10 L.Ed.2d 698. In view of the inconsistency between alibi and insanity defenses, it is not error to select one over the other rather than presenting both at trial. Cf. *Springer v. Collins,* 444 F.Supp. 1049, 1059–1060 (D.Md.1977), rev'd 586 F.2d 329 (4th Cir. 1978), cert. denied 440 U.S. 923, 99 S.Ct. 1252, 59 L.Ed.2d 477; *Snider v. Cunningham,* 292 F.2d 683 (4th Cir. 1963).

The petitioner next contends that the trial court erred in giving a pattern jury instruction, standard Wisconsin Jury Instruction—Criminal 141, rather than a specially requested defense instruction on the unreliability of eyewitness identification. See *United States v. Hodges,* 515 F.2d 650 (7th Cir. 1975). Petitioner appears not to be claiming a specific constitutional violation but rather an abuse of discretion by the trial court. Under the circumstances of this case, no violation of due process and no error of constitutional dimension occurred.

The trial court instructed the jury that:

"The identification of the defendant is in issue in this case. If you find that the crime alleged was committed, before you may find the defendant guilty you must be satisfied beyond a reasonable doubt that the defendant is the person who committed." Wisconsin Jury Instruction—Criminal 141.

■ In *United States v. Hodges,* supra, at 653, the Court held that in the Seventh Circuit, when eyewitness identification is a crucial issue in a case, the trial court must give an instruction on the necessity of finding identification of the defendant as the perpetrator of the crime proved beyond a reasonable doubt. In this case the trial court did just that. The instruction was briefer than the one requested by petitioner, but it covered the essential point. The Supreme Court in *Henderson v. Kibbe,* 431 U.S. 145, 154–155, 97 S.Ct. 1730, 1736–1737, 52 L.Ed.2d 203 (1977), noted that:

"The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' *Cupp v. Naughten,* 414 U.S. [141] at 147, [94 S.Ct. 396, at 399, 38 L.Ed.2d 368], not merely whether 'the instruction is undesirable, erroneous, or even "universally condemned,"' *id.,* at 146 [94 S.Ct., at 400].

"In this case, the respondent's burden is especially heavy because no erroneous instruction was given; his claim of prejudice is based on the failure to give any explanation—beyond the reading of the statutory language itself—of the causation element. An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.
* * * *"

Similarly in this case, the petitioner has a heavy burden, since the trial court gave no erroneous instruction but only an allegedly incomplete instruction. The instruction that was given did, however, focus the jury's attention on the crucial nature of the

eyewitness testimony and thus fulfilled the goal of the court in *United States v. Hodges*, supra.

Petitioner contends that testimony about the photographic identification made of him by four witnesses four days after the robbery was admitted at trial in violation of the Fourteenth Amendment. He claims that the identification was unduly suggestive because petitioner was the only person in the six photographs shown to witnesses who was wearing a suit, and the robber had been wearing a suit during the robbery.

In *Stovall v. Denno*, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972–1973, 18 L.Ed.2d 1199 (1967), the Supreme Court held that the Fourteenth Amendment prohibits the admission of evidence derived from unduly suggestive identification procedures which are "conducive to irreparable mistaken identification." In *Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972), the Court stated that:

> " * * * the central question, [is] whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive. As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. * * * "

See also *United States ex rel. Kirby v. Sturges*, 510 F.2d 397 (7th Cir. 1975), cert. denied 421 U.S. 1016, 95 S.Ct. 2424, 44 L.Ed.2d 685. In this case, the robbery occurred during daylight hours and the robber was present in the ice cream parlor for at least ten minutes, all four witnesses testified that they had a good opportunity to and did look at him carefully, and all four identified the petitioner immediately from the photographs. The identifications occurred four days after the robbery, and in the meantime each of the witnesses had viewed various photographic arrays which did not contain pictures of the petitioner and none had selected any photograph as being that of the robber. Under the "totality of the circumstances," therefore, the Court is satisfied that the identifications were sufficiently reliable to be admissible as evidence at trial.

Finally, petitioner contends that the sentence imposed constitutes cruel and unusual punishment under the Eighth Amendment to the Constitution. The maximum sentence for armed robbery in Wisconsin is thirty years, § 943.32(2), Wis.Stats., and petitioner received an indeterminate term of twelve years' imprisonment. In view of the serious nature of the charge, the liberal possibilities for parole in Wisconsin, and the maximum possible sentence, the sentence actually imposed was not excessive. *Brown v. Wainwright*, 576 F.2d 1148 (5th Cir. 1978); *United States ex rel. Sluder v. Brantley*, 454 F.2d 1266 (7th Cir. 1972); *United States ex rel. Long v. Pate*, 418 F.2d 1028 (7th Cir. 1969), cert. denied 398 U.S. 952, 90 S.Ct. 1877, 26 L.Ed.2d 294.

IT IS THEREFORE ORDERED that the application of the petitioner Benjamin Harris for a writ of habeas corpus is denied.