**Joe Y. GAMEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39457.**

Court of Criminal Appeals of Texas.

May 18, 1966.

Rehearing Denied June 22, 1966.

Richard T. Brady, Jack A. Efron, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Charles T. Conaway, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

McDONALD, Presiding Judge.

The offense is possession of a narcotic drug, heroin. The jury found appellant guilty of this offense and also determined that he had previously been convicted for a violation of the Uniform Narcotic Drug Act, Article 725b, Vernon's Ann.P.C., as charged in the indictment, and punishment was assessed at 10 years confinement in the Texas Department of Corrections.

In response to a telephone call from an informer, Officer Dave Flores of the San Antonio Police Department proceeded to a designated address near which he observed appellant walking along the street. As the officer's vehicle approached, he saw appellant throw an object into the street and under the police car. Flores apprehended appellant and recovered from the ground under the police car a number five gelatin capsule, the contents of which were subsequently analyzed and found to be heroin.

A prior conviction for possession of marijuana was proved by the state.

The evidence is sufficient to support appellant's conviction.

Appellant, in his Amended Motion for New Trial, complained that the trial court

erred in permitting the second paragraph of the indictment, alleging the prior conviction for violation of Article 725b, to be read to the jury after appellant had stipulated that he had been so previously convicted. He re-urges this point on appeal, and also contends that his stipulation precluded the state's presentation of evidence of the prior conviction before the jury, and further that error was committed when reference was made to the prior conviction in the court's charge.

 This Court has approved the practice of permitting the accused to stipulate as to prior convictions alleged for enhancement under the provisions of Article 62 and 63, Vernon's Ann.P.C. Crocker v. State, Tex.Cr.App., 385 S.W.2d 392; McDonald v. State, Tex.Cr.App., 385 S.W.2d 253; Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864; Salinas v. State, Tex.Cr.App., 365 S.W.2d 362. The rationale is that the prior convictions are not an element of the primary offense with which the accused is charged, and that the penalty in such cases is fixed by law, thereby rendering it unnecessary for the jury to reach a verdict on any issue other than that of guilt or innocence as to the primary offense. This procedure has not been approved for cases involving enhancement under Article 64, Vernon's Ann. P.C., where the jury has a choice in determining the punishment to be assessed. Spencer v. State, Tex.Cr.App., 389 S.W.2d 304; Wright v. State, Tex.Cr.App., 364 S. W.2d 384.

To secure conviction as a subsequent offender under Section 23, Article 725b, it is necessary that the state allege and prove that the accused violated a provision of the Uniform Narcotic Drug Act after he had been convicted for a prior violation thereof, Gomez v. State, 126 Tex. Cr.R. 30, 280 S.W.2d 278; and the prior conviction is an integral part of the offense itself and not an allegation such as would merely enhance the punishment under Articles 62 and 63. Parasco v. State, 165 Tex. Cr.R. 547, 309 S.W.2d 465. For a subsequent conviction, the jury assesses punishment at "confinement in the penitentiary for life or for any term of years not less than ten * * *." Section 23(1), Article 725b. For these reasons, the jury must pass on the issue of whether or not an accused charged as a subsequent offender has been previously convicted of a violation of the statute, and the trial judge was not in error in permitting the state to so allege and prove.

We have examined appellant's remaining informal bills of exception and find no reversible error.

The judgment is affirmed.