Margaret **LEAL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42262.

Court of Criminal Appeals of Texas.

Oct. 22, 1969.

John W. O'Dowd, Walter Boyd Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Frank Price, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for misdemeanor shoplifting, subsequent offender, under an indictment alleging two prior misdemeanor convictions, a felony under Article 1436e, Vernon's Ann.P.C. The penalty was assessed at a fine of $250 and confinement in jail for two years.

Appellant was observed as she removed two dresses from a display rack in Globe Discount City, a retail store in Houston. She put the dresses in her purse and left the store. She was apprehended by a security officer, and while being taken to the manager's office, she threw the dresses on the floor.

■ Appellant does not attack the sufficiency of the evidence, but contends that a variance existed between the indictment *as read* to the jury and the proof of the name of the person who had care, custody and control of the dresses. The indictment alleged and the proof showed that Anthony Bernardi had control of the property. For the first time in the appellate brief filed in the trial court complaint was made that the name "Anthony Bernard" instead of Anthony Bernardi was read to the jury. The court reporter's notes reflect that the name of "Anthony Bernard" was read to the jury.

The record contains no motion for an instructed verdict because of any variance. There was no objection when the indictment was read or when the proof of the name Anthony Bernardi was made. There was no variance between the allegation in the indictment and the proof. Even though the name was misread (or misspelled by the court reporter) before the plea, no harm to the appellant or reversible error is shown. The first ground of error is overruled.

■ In the second ground of error, it is contended that the verdict is vague and that there was no finding of guilt. The verdict of the jury at the guilt stage of the trial was: "We, the jury, find the defendant guilty of shoplifting, a misdemeanor."

There was a finding of guilt by the jury; the second ground of error is overruled.

■ Complaint is made in the third ground of error that over appellant's objection the allegations of the two prior convictions for shoplifting were read to the

jury before she was found guilty of the primary offense.

Article 36.01, Sec. 1, Vernon's Ann.C.C. P., provides:

"1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07."

Article 1436e, supra, provides that the third conviction for shoplifting property under the value of $50.00 constitutes a felony.

The allegations of the two prior misdemeanor convictions were necessary to charge a felony and were jurisdictional. It was proper for the prosecutor to read them prior to the hearing on punishment.

The Supreme Court of the United States in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, held it was not error to read prior convictions to a jury before a finding of guilty on the primary offense. Appellant relies on Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. There the Court held it was error to read allegations of presumptively void prior felony convictions to the jury. There was no void prior conviction in the present case.

Ground of error number three is overruled.

■ It is contended in the fourth ground of error that the trial court erred in submitting to the jury at the penalty stage of the trial under Article 37.07, V.A.C.C.P., the "Shoplifting—2nd Offender" issue, because the jury had found her guilty of "shoplifting (first offense)" at the guilt stage of the trial. The issue of guilt or innocence of the primary offense of shoplifting was submitted to the jury, and the question of punishment was not submitted. After appellant was found guilty, the court submitted the question of punishment and included only one of the prior misdemeanor offenses for the jury to consider. The jury then found that appellant had been convicted for " * * * shoplifting prior to the commission of the offense of which we have found her guilty * * *" and assessed the punishment.[1]

The trial court did not commit error in submitting the primary offense and later the question of the prior conviction at the penalty stage of the trial. The case was no longer a felony when one of the prior convictions was not proved or submitted. The case was then submitted in accordance with the misdemeanor penalty provisions in Article 1436e, supra.

The fourth ground of error is overruled.

The judgment is affirmed.

---

1. This case is somewhat similar to McKenzie v. State, 159 Tex.Cr.R. 345, 263 S.W.2d 562, where this Court upheld a misdemeanor conviction for driving while intoxicated under an indictment charging a felony under Article 802b, V.A.P.C. The district court retained jurisdiction even though a felony was not proved.