**Robert Lee FENNELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42906.**

Court of Criminal Appeals of Texas.

May 27, 1970.

---

James D. Durham, Jr., Amarillo, for appellant.

Tom Reese, Dist. Atty., John B. Reese, Asst. Dist. Atty., Amarillo, and Jim D. Vollers State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the felony offense of possession of a pistol by an ex-convict away from the premises upon which he lives as denounced by Article 489c, Vernon's Ann.P.C.; the punishment was assessed at two years.

Appellant's sole contention is that he was denied due process, because the jury was made aware of his prior felony conviction when the entire indictment was read before the finding of guilt.

The allegation of the felony conviction in the indictment was an essential element of the offense charged in the indictment and not for enhancement of an offense that would otherwise be a misdemeanor.

1. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, held that the reading of prior convictions to the jury before

Article 36.01, Sec. 1, Vernon's Ann.C.C. P., provides:

"The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07."

The same contention was made in a subsequent offender shoplifting case and was overruled. Leal v. State, Tex.Cr.App., 445 S.W.2d 750.[1]

No error has been shown; the judgment is affirmed.

a finding of guilt did not violate Spencer's constitutional rights.