**Johnny Roy BELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47534.**

Court of Criminal Appeals of Texas.

Jan. 30, 1974.

H. Thomas Hirsch (on appeal only), Odessa, for appellant.

James A. Mashburn, Dist. Atty., and Jerry Buckner, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of the offense of possession of marihuana, having been previously convicted of a felony violation of the Texas Uniform Narcotic Drug Act (see Art. 725b, Section 23(a), Vernon's Ann.P.C.); punishment was assessed by the court at ten years.

Appellant's sole ground of error contends the trial court erred in allowing the state to show the appellant's prior conviction at the guilt stage of the trial, in violation of Article 36.01, Subd. 1, Vernon's Ann.C.C.P., and the Fifth Amendment to the United States Constitution.

Article 36.01, Subd. 1, supra, provides:

"The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07."

Article 725b, Sec. 23(a), V.A.P.C., at all times relevant to the instant case, provided:

"Except as provided in Subsections (b) and (c) of this section, any person who violates any provision of this Act is guilty of a felony and upon a first conviction is punishable by imprisonment in the penitentiary for not less than two years nor more than life; and upon a second or subsequent conviction, he is punishable by imprisonment in the penitentiary for not less than 10 years nor more than life. . . ."

The State contends reading and proof of the prior conviction at the guilt stage was proper because the prior conviction constituted an integral part of the offense. In support thereof, the State relies upon the

**500**

following language in Parasco v. State, 165 Tex.Cr.R. 547, 309 S.W.2d 465 (1958), regarding Art. 725b, Section 23(1), as then written:

"Being separate offenses with minimum punishment of two years for a first offense and ten years for a second or subsequent violation, the prior conviction is an element of the later offense itself and not an allegation such as would merely enhance the punishment under Arts. 62 and 63, Vernon's A.P.C."

This statement was cited with approval in Gamez v. State, 403 S.W.2d 418 (Tex.Cr. App.1966).

In Gomez v. State, 126 Tex.Cr.R. 30, 280 S.W.2d 278 (1955), however, a different position seems to have been taken:

'"The question, therefore, is not whether the allegations of the indictment are appropriate to Art. 62, P.C., but whether they are sufficient to sustain a conviction for violation of Art. 725, V.A.P.C., *with the enhanced punishment for a second conviction as provided in Section 23 of the act as amended.*

"In order to secure *enhancement of punishment as a second offender under Section 23 of Art. 725b* as amended in 1953 it was necessary that the State allege and prove that the accused violated a provision of the Uniform Narcotic Drug Act after he had been convicted for a prior violation thereof. It was also necessary that the indictment be so drawn as to inform the accused of the basis of the State's claim *for enhancement.*

\* \* \* \* \* \*

"It is to be remembered that the same degree of particularity required in alleging an offense is not required in alleging a prior conviction for the purpose of obtaining *an enhanced punishment.*" (Emphasis added.)

In Leal v. State, 445 S.W.2d 750 (1969), this court had before it a case where alle-

gations of prior convictions were jurisdictional:

"Article 1436e, [V.A.P.C.], provides that the third conviction for shoplifting property under the value of $50.00 constitutes a felony.

"The allegations of the two prior misdemeanor convictions were necessary to charge a felony and were jurisdictional."

Later, in Fennell v. State, 455 S.W.2d 248, 249 (1970), this court held:

"The conviction is for the felony offense of possession of a pistol by an ex-convict away from the premises upon which he lives as denounced by Article 489c, Vernon's Ann.P.C.; . . .

\* \* \* \* \* \*

"The allegation of the felony conviction in the indictment was an essential element of the offense charged in the indictment and not for enhancement of an offense that would otherwise be a misdemeanor."

Section 23 of Article 725b, V.A.P.C., is specifically designated a penalty section and in every respect appears to be precisely that. While the relevant portion of Article 1436e, supra, is also a penalty provision, the two prior misdemeanor convictions alleged in *Leal,* supra, were not "for purposes of enhancement *only*", but were *jurisdictional* as well, and clearly not within the prohibition of Article 36.01, supra. On the other hand, the prior conviction alleged in *Fennell,* supra, as stated in that opinion, was clearly an essential element of the offense and not for purposes of enhancement at all. Thus Art. 36.01(1), supra, had no application whatsoever.

■ In the instant case, the prior conviction alleged under Article 725b, supra, was clearly for enhancement purposes, and not an element of the offense. To the extent that they are in conflict, *Gamez,* su-

pra, and *Parasco*, supra, are overruled.[1] Article 36.01(1) having application, the remaining question is whether the prior conviction was alleged for enhancement purposes only, or was also jurisdictional. We think it clear the sole purpose of Art. 725b, Sec. 23(1), is enhancement, the offense being a felony in either event. Thus the prior conviction should not have been shown by the State during the guilt stage of the trial.

■ Having established error was committed, the next question is whether it was reversible error. The record reflects that the indictment was read to the jury. Thereafter, the State, by its first witness, proved the prior conviction. The judge on his own motion retired the jury and inquired of counsel if it was proper to read the prior conviction portion of the indictment and adduce testimony on it before the sentencing stage. Counsel for the State incorrectly stated that it was proper to prove up the prior conviction because this was a special statute and not considered an enhancement. Thereafter the State completed its proof of the prior conviction. Later appellant testified in his own behalf and stated on direct examination that he had been previously convicted in the prior conviction alleged. At no time, even when the court inquired into the matter, did appellant raise any objection in any manner. This objection has been raised for the first time on appeal. In Cox v. State, 422 S.W.2d 929 (1968), this court held:

"The only question presented is whether in absence of an objection, a violation of Article 36.01(1), supra, constitutes reversible error. There can be no doubt that the provisions of Article 36.01(1), supra, were designed to serve a salutary

purpose and should be strictly complied with by all prosecutors. If the action here complained of had been permitted over objection, reversible error should follow. We cannot agree, however, that in absence of an objection, exception, or a request for an instruction or mistrial, an accused may successfully raise such question for the first time on the motion for new trial attempted here."

See also Reese v. State, 481 S.W.2d 841 (Tex.Cr.App.1972); McCullough v. State, 425 S.W.2d 359 (Tex.Cr.App.1968). Upon this record we find no reversible error.

■ Furthermore, we find the action complained of violated no federally protected rights of appellant. Cox v. State, supra; Leal v. State, supra.

The judgment is affirmed.

---

1. We note that Art. 36.01(1), V.A.C.C.P., was not involved in those cases, and that in fact *Parasco* was decided before the 1965 Code of Criminal Procedure. We further note that subsequent decisions relying upon the proposition here rejected need be overruled only to the limited extent of such reliance. Granado v. State, 168 Tex.Cr.R. 525, 329 S.W.2d 864; Fletcher v. State, 169 Tex.Cr.R. 506, 335

S.W.2d 613; Ex parte Aaron, 336 S.W.2d 180; Ex parte Roberts, 171 Tex.Cr.R. 44, 344 S.W.2d 682. The results reached in those cases are proper upon the alternative proposition therein relied upon, citing Edwards v. State, 166 Tex.Cr.R. 301, 313 S.W.2d 618, to the effect that the special statute controls over the general statute.