Roberto HEREDIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 48272.

Court of Criminal Appeals of Texas.

May 1, 1974.

Thomas Rocha, Jr., San Antonio (On appeal only), for appellant.

James A. Mashburn, Dist. Atty., Jerry Buckner, Asst. Dist. Atty., Midland, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of possession of heroin. Appellant having been previously convicted of a felony violation of the Texas Uniform Narcotic Drug Act (see Art. 725b, Section 23(a), Vernon's Ann.P.C.), and having been found to have been twice previously convicted of a felony less than capital (see Art. 63, V.A.P.C.), punishment was assessed at life imprisonment.

Appellant in his first ground of error contends reversible error was committed when the trial court permitted the reading to the jury, at the commencement of the guilt stage of the trial, of that portion of the indictment alleging the prior conviction of a felony violation of the Texas Uniform Narcotic Drug Act over his timely objection, and relies upon Article 36.01, Subd. 1, Vernon's Ann.C.C.P., which provides:

"The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07."

The State relies upon Parasco v. State, 165 Tex.Cr.R. 547, 309 S.W.2d 465, and Gamez v. State, Tex.Cr.App., 403 S.W.2d 418, for the proposition that the allegation under Article 725b, Sec. 23(a), supra, of a

prior felony conviction for violation of the Texas Uniform Narcotic Drug Act "is an element of the . . . offense itself and not an allegation such as would merely enhance the punishment . . ." That holding however, was expressly overruled in Bell v. State, Tex.Cr.App., 504 S.W.2d 498, wherein this Court held that such an allegation under Article 725b, Sec. 23(a), supra, is within the meaning of Article 36.01, supra, "for purposes of enhancement only and . . . not jurisdictional." Error was therefore committed.

In *Bell*, supra, no reversible error was found because the objection was raised for the first time on appeal. Cf. Cox v. State, Tex.Cr.App., 422 S.W.2d 929. Here, however, objection was made prior to the reading of the indictment. Reversal is therefore required.

In light of our disposition of appellant's first ground of error, we decline to reach the other grounds raised.

For the reason stated, the judgment is reversed and the cause remanded.