**Tony Dean BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00576–CR.**

Court of Appeals of Texas, Dallas.

May 11, 1982.

Rehearing Denied June 14, 1982.

Bruce Anton, Arch McColl, Dallas, for appellant.

Henry Wade, Dist. Atty., Kathi A. Drew, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and WHITHAM, JJ.

WHITHAM, Justice.

This is an appeal from a conviction of burglary of a habitation. Following a verdict of guilty, the jury assessed punishment, enhanced, at sixteen years. Because we agree with appellant's ground of error that the trial court committed reversible error in allowing the prosecutor to cross-examine appellant about the enhancement paragraph of the indictment at the guilt/innocence phase of the trial, we reverse and remand.

The cross-examination of appellant complained of is as follows:

Q: So you've been duly and legally convicted of two separate felonies, is that correct?

A: Yes, sir.

Q: Credit card abuse and burglary of a vehicle?

A: Yes, sir.

MR. LeNOIR: We'll offer into evidence State's Exhibit No. 13.

MR. WILSON: No objection, Your Honor.

THE COURT: It will be admitted.

Q: (By Mr. LeNoir) Mr. Bell, you are one and the same who has been charged in this indictment before the Court right now, is that correct?

A: Yes, sir.

Q: And you understand that the Indictment that's been filed against you by the Dallas County Grand Jury in this case contains an enhancement paragraph?

A: Yes, sir, it does.

MR. WILSON: Your Honor, we'll object to that.

MR. LeNOIR: Judge, I think I can go into the bare—

MR. WILSON: We object to any metnion [sic] of an enhancement paragraph in the guilt or innocence phase of the trial, Your Honor. We feel it's improper and we object to it.

THE COURT: All right. The objection will be overruled. I'll allow the witness to answer the last question.

Q: (By Mr. LeNoir) Mr. Bell, you understand that this indictment that has been filed against you by the Dallas County Grand Jury, that's what we call an enhancement Indictment?

A: Yes, sir.

Q: Okay. And what that means is that instead of the bare minimum punishment you can receive for this offense, that being five years, instead of five years like it normally is since it's an enhanced indictment the bare minimum you're looking at is fifteen years if you're convicted of this offense?

MR. WILSON: We will object, Your Honor, as strictly a matter of punishment and not to be considered for guilt or innocence and we will object to going into the enhancement paragraphs for any purpose.

THE COURT: Objection will be overruled. I'll allow the witness to answer.

Q: (By Mr. LeNoir) Mr. Bell, you understand that if you're convicted of this offense that you're looking at the bare minimum of fifteen years, you understand that, don't you?

A: Yes, sir.

Before 1965, when the present code of criminal procedure was enacted, the Court of Criminal Appeals had held that reading the enhancement paragraph to the jury at

the commencement of the trial was not reversible error. *Redding v. State,* 159 Tex. Cr.R. 535, 265 S.W.2d 811 (1954). This practice, however, caused increasing concern over the prejudicial effect on a defendant, *see e.g. Lane v. Warden,* 320 F.2d 179 (4th Cir. 1963), and led to appeals for change from the legislature, *Oler v. State,* 378 S.W.2d 857 (Tex.Cr.App.1964). The legislature responded by enacting Tex.Code Crim. Pro.Ann. art. 36.01(1) (Vernon 1981), providing that the enhancement paragraphs of an indictment may not be read to the jury until the punishment phase of trial. Violation of this article is now held to be reversible error, *Heredia v. State,* 508 S.W.2d 629 (Tex.Cr.App.1974); *Cox v. State,* 422 S.W.2d 929 (Tex.Cr.App.1968). The rationale behind the present rule is clear; when the jury is informed at the outset of a criminal trial that the defendant has previously been convicted of other crimes, they are likely to convict a defendant not on the evidence presented at trial, but on the ground that he is a criminal generally. This is particularly true in cases where the defendant does not take the stand and his prior criminal record would not otherwise come before the jury.

In cases such as the present one, however, where a defendant testifies and is impeached with his prior criminal record, *see Shipman v. State,* 604 S.W.2d 182, 184 (Tex.Cr.App.1980); *Reese v. State,* 531 S.W.2d 638, 640 (Tex.Cr.App.1976); *Ochoa v. State,* 481 S.W.2d 847, 850 (Tex.Cr.App. 1972); Tex.Code Crim.Pro.Ann. art. 38.29 (Vernon 1979), the question arises regarding whether a defendant is harmed by additional cross-examination based on the enhancement paragraphs of the indictment. In such a case, we must approach the question of whether the defendant was harmed by cross-examination based on the enhancement paragraphs of the indictment in a way different from the rationale used to condemn reading the enhancement paragraph at the beginning of trial and determine if the cross-examination affected the conduct of the trial adversely to the defendant and to his harm beyond being further evidence of his prior criminal record used to impeach defendant. For the reasons that follow we conclude that the cross-examination based on the enhancement paragraphs of the indictment did have such an effect, that appellant was harmed by cross-examination based on the enhancement paragraphs of the indictment and that this evidence probably contributed to the conviction. *See, Esquivel v. State,* 595 S.W.2d 516, 529 (Tex. Cr.App.1980).

By enacting Tex.Code Crim.Pro.Ann. art. 37.07 (Vernon 1981), providing for a separate hearing on punishment after return of a guilty verdict, it appears the legislature sought to insure that during the guilt or innocence stage of trial the jury's attention would be focused solely on the evidence presented as to guilt or innocence. Practices such as the one before us circumvent this purpose by shifting the jury's attention to the punishment available for the crime. In effect, the jury was encouraged to find the defendant guilty so that the State could then punish him to a greater degree than that available under non-enhanced indictments. Thus, the jury's concern was no longer whether the defendant was guilty or not guilty. It blinks reality not to recognize that the opportunity to punish appellant a minimum of fifteen years rather than a minimum of five years in light of his prior criminal record was a contributing factor to appellant's conviction. In the present case we cannot say that the cross-examination complained of was harmless to appellant, even in light of the fact that his prior criminal record was before the jury during the guilt or innocence stage of trial.

Although appellant does not challenge the sufficiency of the evidence in a ground of error, mention of the insufficiency is made in his brief. We have reviewed the evidence and find it sufficient to support the conviction. See *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

Reversed and remanded.