Bill Earl KELLY, Appellant,

v.

The STATE of Texas, Appellee.

No. 08-87-00177-CR.

Court of Appeals of Texas, El Paso.

Nov. 16, 1988.

Rehearing Denied Dec. 14, 1988.

**226**

Joseph A. Calamia, Charles Louis Roberts, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

Appellant was indicted and tried for the offense of making a false statement in a Texas Alcoholic Beverage Commission Application. The indictment alleged a prior felony conviction for enhancement. The jury returned a verdict of guilty and assessed Appellant's punishment at ten years' confinement in the Texas Department of Corrections, plus a fine of $4,000.00. We reverse the judgment of conviction.

We turn immediately to Appellant's Points of Error Nos. Nine and Ten which are determinative of this appeal.

█ Points of Error Nos. Nine and Ten assert the trial court erred in instructing the jury regarding the parole law as stated in Tex.Code Crim.Pro.Ann. art. 37.07, sec. 4(a) (Vernon Supp.1988).

The trial court, during the punishment phase of the trial, instructed the jury regarding the parole law as stated in Tex. Code Crim.Pro.Ann. art. 37.07, sec. 4(a). The Appellant made the following timely and explicit objection to the proposed court's charge on the parole law:

The instructions violate the Constitution of the State of Texas creating the separation of power between the judiciary and the legislative branches of government, and the executive branches of government. Therefore, these instructions being based on an unconstitutional statute by the legislature of the State of Texas, the instructions are also unconstitutional and void. Furthermore, the instructions violate the Texas Constitution, Article 1, Section 19, which is the due process clause of the State Constitution, due course of law and the due process clause of the Fourteenth Amendment of the United States Constitution, because the instructions are totally confusing and misleading to the jury.

In *Rose v. State*, 752 S.W.2d 529 (Tex. Crim.App.1988), there was no objection made to the parole instruction where as here, the Appellant, strenuously objected. Also, in the instant case, the trial court merely tracked the statute and did not provide the clear, curative instruction that is found in the *Rose* case. The Appellant's objection was proper and timely. We find the trial court's instruction was in error.

Can we as an appellate court, based on the record before us, find beyond a reasonable doubt that the error did not contribute to the amount of punishment assessed by the jury? Tex.R.App.P. 81(b)(2). We cannot. The Appellant received a ten year prison sentence for improperly obtaining a liquor license. The crime involved hardly "shocks the conscience". The prior felony conviction alleged in the indictment was a non-violent type of crime. In addition, the State in final argument to the jury made critical references about the lack of success of parole in regard to the Appellant. We cannot say that beyond a reasonable doubt the erroneous parole instruction given by the trial court did not contribute to the ten year sentence imposed by the jury.

We sustain Appellant's Points of Error Nos. Nine and Ten.

█ Points of Error Nos. One, Two, Three and Four assert that the evidence was legally and factually insufficient as to the element of intent and/or knowledge to

support the finding of guilt beyond a reasonable doubt.

The offense arose as a result of Appellant's filling out an application form for a Texas liquor license. One of the questions asked on the application was:

5. Has applicant been convicted of a felony or any provision of the Alcoholic Beverage Code or any Rule of the Texas Alcoholic Beverage Commission?

Applicant answered no to this question and swore to the application. Tex.Alco. Bev.Code Ann. sec. 101.69 (Vernon 1978) on which the indictment was based provides:

Except as provided in Section 103.05(d) of this code, a person who makes a false statement or false representation in an application for a permit or license or in a statement, report, or other instrument to be filed with the commission and required to be sworn commits an offense punishable by imprisonment in the penitentiary for not less than 2 nor more than 10 years.

The indictment alleged that Appellant ... "did then and there unlawfully, intentionally and knowingly make a false statement in a Texas Alcoholic Beverage Commission application ... to-wit: that he had not been convicted of a felony...."

The proper standard for review of a claim of insufficiency of the evidence in a criminal matter is whether, after viewing the evidence in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Tisdale v. State*, 686 S.W.2d 110 (Tex.Crim. App.1985). The State produced evidence that Appellant had been convicted of a prior felony; that he had applied for a liquor license and that he did answer "no" to question # 5 which inquired about any prior felony. A handwriting expert testified that it was Appellant's signature on the application. We find that the evidence was legally and factually sufficient to justify the jury's finding that Appellant was guilty beyond a reasonable doubt of the offense charged.

Appellant's Points of Error Nos. One, Two, Three and Four are overruled.

Points of Error Nos. Five, Six, Seven and Eight assert that the trial court erred in failing to properly instruct the jury on criminal intent; on culpability; on the defense of good faith and in failing to define "false statement" or "false representation".

We agree that the State must prove beyond a reasonable doubt that Appellant must have committed the offense with an intentional, knowingly, reckless, or criminally negligent state of mind. Tex.Penal Code Ann. sec. 6.02 (Vernon 1974), requires a culpable mental state and is applicable to the offense with which the Appellant was charged. The indictment alleges a culpable mental state. The trial court properly instructed the jury in its charge as to the culpability required by law as well as to the presumption of innocence and the beyond a reasonable doubt standard of proof required before conviction.

■ We do not agree with the Appellant's contention that "false statement" or "false representation" must be defined. When there is no statutory definition of a term, the question of whether a definition must be given depends on whether there is a common and ordinary meaning that jurors could be fairly presumed to know and apply. *Phillips v. State*, 597 S.W.2d 929, 937 (Tex.Crim.App.1980). There is nothing in the use of the terms that defies common understanding.

Points of Error Nos. Five, Six, Seven and Eight are overruled.

■ Point of Error No. Eleven asserts the trial court erred in failing to give a limiting charge as to the use of the prior conviction alleged in the indictment.

The State was required to allege a prior felony conviction as part of the offense charged. It was therefore proper to read the indictment, which included the prior conviction, because it was an essential element of the offense charged. *Fennell v. State*, 455 S.W.2d 248 (Tex.Crim.App.1970). The trial court in its charge instructed the jury that before they could find Appellant

guilty, they had to find from the evidence beyond a reasonable doubt that Appellant had (1) intentionally or knowingly made a false statement, that he had not been convicted of a felony, and in addition, (2) that he had, in fact, been previously convicted of a felony. The jury was then instructed that unless they found beyond a reasonable doubt, or if they had a reasonable doubt thereof, then they must acquit Appellant of making a false statement in the application. This instruction was sufficient.

Point of Error No. Eleven is overruled.

■ Points of Error Nos. Twelve and Thirteen assert the trial court erred, failing to grant Appellant's motion to quash the indictment for failure to set forth the actual question verbatim that was alleged to be answered falsely. The indictment did track the language of Section 101.69 of the Texas Alcoholic Beverage Code which we find was legally sufficient. *Phillips v. State,* 597 S.W.2d 929, 934 (Tex.Crim.App.1980).

Points of Error Nos. Twelve and Thirteen are overruled.

We reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.