

# NUMBER 13-20-00062-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BRIAN JAMES MATEW,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

**On appeal from the 218th District Court
of Atascosa County, Texas.**

# OPINION

**Before Justices Hinojosa, Tijerina, and Silva
Opinion by Justice Hinojosa**

A jury convicted appellant Brian James Matew of unlawful possession of a firearm by a felon and unlawful possession of metal or body armor by a felon. *See* TEX. PENAL CODE ANN. §§ 46.04(a), 46.041(a)–(b). The trial court sentenced Matew to nine years and 364 days in the Texas Department of Criminal Justice—Institutional Division along with a

fine of $2000 for each offense, with the sentences to run concurrently.

By six issues which we interpret and re-organize as five, Matew contends the trial court erred because: (1) it inappropriately used the predicate felony for the conviction, even though Matew had been granted judicial clemency for the underlying offense; (2) it failed to grant his motion to quash the indictment; (3) it wrongfully admitted evidence of the prior conviction during the guilt/innocence portion of the trial; (4) there was jury charge error regarding whether the predicate felony was a "final" conviction; and (5) the evidence was insufficient to support the verdict. We affirm.

## I. BACKGROUND[1]

On October 30, 2013, Matew pleaded guilty to impersonating a public servant, a second degree felony, in Cause Number 2013CR2339 in the 290th District Court of Bexar County, Texas (the Bexar County felony). *See id.* § 37.11. The trial court sentenced him to a term of five years' incarceration, suspended the sentence, and placed him on five years of felony community supervision. As a condition of felony community supervision, Matew could not possess firearms or body armor.

On September 15, 2017, while under community supervision for the Bexar County felony, Matew was pulled over for driving one hundred miles per hour in a seventy-five mile per hour speed zone in Atascosa County, Texas. During the stop, officers discovered

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts); 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). Because this is a transfer case, we apply the precedent of the San Antonio Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.

a firearm underneath Matew's driver's seat, and a bulletproof vest in the trunk of his vehicle. Matew was arrested for felon in possession of a firearm and felon in possession of body armor. *See id.* §§ 46.04(a), 46.041(a)–(b).

On November 17, 2017, an Atascosa County grand jury indicted Matew for the September 15 offenses. The indictment, in pertinent part, reads as follows:

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS, the Grand Jury, duly selected, organized, sworn and impaneled as such for the County of Atascosa, State of Texas, at the July, A.D., 2017, term of the 81st/218th Judicial District Court for said County, upon their oaths present in and to said Court, that on or about the 15th day of September 2017, and before the presentment of this indictment, in the County and State aforesaid, [Matew] (hereinafter styled Defendant) did then and there:

COUNT 1

having been convicted of the felony offense of Impersonating Public Servant on the 30th day of October 2013, in cause number 2013CR2339 in the 290th District Court of Bexar County, Texas, intentionally or knowingly possess a firearm before the fifth anniversary of the defendant's release from supervision under community supervision following conviction of said felony.

COUNT 2

having been convicted of the felony offense of Impersonating Public Servant on the 30th day of October 2013, in cause number 2013CR2339 in the 290th District Court of Bexar County, Texas, intentionally or knowingly possess metal or body armor.

On April 5, 2018, Matew requested early termination of his Bexar County felony community supervision, four years into his five-year community supervision sentence. The trial court found that Matew successfully completed the terms and conditions of his community supervision, even though the charges for the September 15, 2017 offenses

3

were pending,[2] and granted the request for early termination of his probation. The trial court also granted Matew's request for judicial clemency. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.701(f). The court thus dismissed the impersonating a public servant felony offense and signed an order discharging Matew "from all penalties and disabilities resulting from the offense . . . ." *See id.*

Matew subsequently filed a motion to quash the indictment in the Atascosa County cases, claiming the State could not prove an essential element of their charges because he had been granted judicial clemency from the underlying Bexar County felony. In other words, Matew argued that the predicate felony for the felon in possession offenses could not be proven because he was not a convicted felon. The trial court denied this motion

---

[2] We do not have any reporter's records from Cause Number 2013CR2339 in the 290th District Court of Bexar County before us. However, during a hearing in the underlying case, Matew's counsel represented that the Bexar County trial court was aware of the pending charges in Atascosa County. A motion to revoke probation had been filed, and according to Matew's counsel, the State had either withdrawn its motion or the trial court had denied it:

[Counsel]:     It was denied. They—it was either withdrawn or denied.

[The Court]:   The probation—the motion to revoke?

[Counsel]:     Yes. Uh-huh.

[The Court]:   Why in the world would they do that?

[Counsel]:     Your Honor, and the State was in agreement with us terminating the probation early, because he had done well, so at this—

[The Court]:   Did they know about this arrest?

[Counsel]:     Yes, they did.

[The Court]:   Good Lord. . . .

The Atascosa County prosecutor then stated that no one from the Bexar County District Attorney's Office had spoken with them regarding the motion to revoke in the Bexar County felony or on the pending Atascosa County charges.

4

on June 17, 2019.

Trial commenced on June 18, 2019. During trial, the trial court admitted the Bexar County felony indictment and the judgment of conviction over Matew's objection. Matew argued that these documents were admissible only during the punishment phase of trial, not during the guilt/innocence phase. *See id*. During the jury charge conference, Matew also requested that the trial court include a jury instruction that the State must prove beyond a reasonable doubt that the Bexar County felony was a "final" conviction. The trial court denied this request.

On June 19, 2019, a jury found Matew guilty of both felon in possession offenses. *See* TEX. PENAL CODE ANN. §§ 46.04(a), 46.041(a)–(b). The trial court sentenced Matew to nine years and 364 days confinement and ordered a $2000 fine on each offense, with the sentences to run concurrently. Matew appeals.

## II. THE JUDICIAL CLEMENCY STATUTE

### A. Applicable Law

The judicial clemency statute provides as follows:

> (f) If the judge discharges the defendant under this article, the judge may set aside the verdict or permit the defendant to withdraw the defendant's plea. A judge acting under this subsection shall dismiss the accusation, complaint, information, or indictment against the defendant. A defendant who receives a discharge and dismissal under this subsection is released from all penalties and disabilities resulting from the offense of which the defendant has been convicted or to which the defendant has pleaded guilty, except that:
>
> > (1) proof of the conviction or plea of guilty shall be made known to the judge if the defendant is convicted of any subsequent offense . . . .[3]

---

[3] Both parties agree that subsection (2) of this article is inapplicable to this case.

5

TEX. CODE CRIM. PROC. ANN. art. 42A.701.

The jury convicted Matew of unlawful possession of a firearm. This statute provides that a person who has been convicted of a felony commits an offense if he possesses a firearm:

(1)     after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2)     after the period described by Subdivision (1), at any location other than the premises at which the person lives.

TEX. PENAL CODE ANN. § 46.04(a).

In sum, a person on felony community supervision commits an offense if before the fifth anniversary of his release from community supervision, he possesses a firearm. *See id.* § 46.04(a)(1). Similarly, a person with a felony conviction commits an offense if he possesses metal or body armor. *See id.* § 46.041(b).

**B.     Analysis**

Matew makes two primary arguments to express why it was improper for the trial court to use the Bexar County felony as the predicate felony Atascosa County convictions, even though Matew had been granted judicial clemency of the underlying offense. First, he claims the trial court improperly used Matew's "status at the time" of his arrest. Second, he asserts that the statute does not define "conviction." We address each argument in turn.

**1.  Use of the "Status at the Time" Argument**

Matew contends that the trial court erred in using his felony "status at the time" of

6

the arrest. We look to *Ex parte Jimenez*, a post-conviction writ of habeas corpus case, for guidance on this argument. *See* 361 S.W.3d 679, 682 (Tex. Crim. App. 2012). In *Jimenez*, Antonio Jimenez was convicted of rape of a child in 1982. *Id*. at 680. Nine years later, Jimenez was convicted of unlawful possession of a firearm by a felon, as well as for possession of heroin under twenty-eight grams. *Id*. at 681. In 1998, Jimenez filed an application for writ of habeas corpus regarding his rape conviction, claiming that his plea was involuntary because he received ineffective assistance of counsel. *Id*. The court granted Jimenez's relief in 1999 and set aside the rape conviction. *Id*. The State then elected to dismiss the rape charge, seventeen years after the original conviction, because a key witness was now missing. *Id*.

In 2011, Jimenez filed an application for writ of habeas corpus on the felon in possession of a firearm conviction, asserting that it should be "void because the predicate felony supporting his conviction ha[d] been set aside and the charge dismissed." *Id*. The Texas Court of Criminal Appeals disagreed, holding that "to obtain a valid conviction, *the State must prove a defendant's felony status when he possessed the firearm*." *Id*. at 682 (citing *State v. Mason*, 980 S.W.2d 635, 641 (Tex. Crim. App. 1998) (emphasis added).

We find this guidance persuasive. Just like Jimenez, Matew had a felony conviction "at the time" he was arrested for the felon in possession charges. *See Jimenez*, 361 S.W.3d at 683–84 ("[I]f the defendant had the status of a felon at the time he possessed the firearm, a conviction for unlawful possession of a firearm by a felon is not void if the predicate felony conviction is subsequently set aside"); *Mason*, 980 S.W.2d at 640 (holding that "the commission of the offense and the formation of appellee's criminal intent

7

came together on the alleged date upon which appellee, a felon, possessed the firearm. . . .); *see also Lewis v. United States*, 445 U.S. 55, 65 (1980) (holding that a defendant's prior felony conviction can serve as the predicate for a later charge, even if the underlying felony conviction is subsequently found to be constitutionally infirm). Accordingly, we disagree with Matew that the trial court erred in using his felon "status at the time" in its rulings.

## 2. Definition of "Convicted"

### a. Other Statutes

Matew also argues that he was not a convicted felon for the purposes of the unlawful felon in possession offenses because had the Legislature intended to include offenses dismissed through judicial clemency, it would have explicitly written so. Matew points out that the Texas Legislature defines the term "convicted" in certain other statutes to include convictions that have been granted judicial clemency. *See* TEX. GOV'T CODE ANN. § 411.171(4); TEX. HEALTH & SAFETY CODE ANN. § 841.003(b)(1)(A). For example, in the Concealed Handgun Act, the legislature defined "convicted" as an adjudication of guilt regardless of "whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision." TEX. GOV'T CODE ANN. § 411.171(4); *see Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 364 (Tex. 2000) (noting that the Concealed Handgun Act includes dismissed convictions under the judicial clemency statute). Further, the Sexually Violent Predator Statute also includes convictions that have been dismissed via judicial clemency. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(b)(1)(A) (declaring that a person is a repeat sexually violent

8

offender "regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the person was subsequently discharged from community supervision"); *see also In re Bradshaw*, No. 09-12-00570-CV, 2013 WL 5874613, at *3 (Tex. App.—Beaumont Oct. 31, 2013, pet. denied) (mem. op.) (discussing same).

Matew argues that because the term "convicted" is not defined here in the Texas Penal Code to include convictions dismissed through judicial clemency, his Bexar County felony conviction should not be considered. *See* TEX. PENAL CODE ANN. §§ 1.07; 46.04. We disagree. "When interpreting a statute, we look to the literal text of the statute for its meaning." *Martin v. State,* 635 S.W.3d 672 (Tex. Crim. App. 2021) (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). "We ordinarily give effect to that plain meaning unless application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended or the plain language is ambiguous." *Id*.

Because the word "conviction" is not defined in the felon in possession statutes at issue, we defer to its plain and common meaning. *See Martin*, 635 S.W.3d 672. Black's Law Dictionary defines "conviction" as "the act or process of judicially finding someone guilty of a crime; the state of having been proved guilty." *See* BLACK'S LAW DICTIONARY (11th ed. 2019). At the time of the alleged offense, Matew was convicted of the Bexar County felony. He later possessed a firearm and body armor before the fifth anniversary of his release from community supervision for that conviction. *See* TEX. PENAL CODE ANN. §§ 46.04(a); 46.041(b). For this reason, we are unpersuaded by this argument concerning

9

the definition of "conviction."

### b. Other Cases

Matew also cites *Cuellar v. State* in support of his contention that there was no predicate felony. 70 S.W.3d 815 (Tex. Crim. App. 2002). In *Cuellar*, the defendant Rudy Valentino Cuellar pleaded guilty to possession of heroin, a second-degree felony. *Id.* at 816 (citing TEX. HEALTH & SAFETY CODE ANN. § 481.115(d)). The trial court sentenced Cuellar to five years' imprisonment, suspended the sentence, and placed Cuellar on community supervision for five years. *See id*. In 1981, after Cuellar successfully completed his term of community supervision, the trial court granted Cuellar judicial clemency, setting aside and dismissing the judgment completely. *See id*.

Fifteen years later, on November 6, 1996, Cuellar was a passenger in a vehicle pulled over for a routine traffic stop. *See id*. The officer asked the driver and Cuellar if they possessed any weapons, and Cuellar informed the officer that he had a hunting rifle behind his seat. *See id*. The officer ran a background check on Cuellar, learned of the 1976 conviction, and arrested him for unlawful possession of a firearm by a felon. *See id*. at 816–17.

The trial court found Cuellar guilty, and Cuellar appealed arguing that the evidence presented at trial was legally insufficient to sustain his conviction. *Id*. at 817. The court of appeals agreed with Cuellar and reversed, holding that a "person whose conviction is set aside" pursuant to judicial clemency[4] "is not a convicted felon." *Id*. at 820.

---

[4] The court cited the former statute for judicial clemency, Texas Code of Criminal Procedure article 42.12, § 20, in its opinion. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, repealed by Acts 2015, 84th Leg., ch. 770 (H.B. 2299), § 3.01, eff. Jan. 1, 2017; Acts 2017, 85th Leg., ch. 324 (S.B. 1488), §§ 23.012(d), 23.013(d), 23.014(b), 23.015(b), 23.016(h), 23.017(b), 23.018(b), 23.019(b), 23.020(b), 23.021(b), eff.

*Cuellar*, however, can be distinguished in one major way: Cuellar's prior conviction was granted judicial clemency fifteen years before his next arrest. Here, Matew's prior conviction was granted judicial clemency *while he was under indictment* for two pending offenses. As noted earlier, the State must prove a defendant's felony status when the defendant possessed the firearm. *See Jimenez*, 361 S.W.3d at 683; *Mason*, 980 S.W.2d at 640 (Tex. 1998); *Lewis*, 445 U.S. at 65. Here, unlike Cuellar, Matew's status as a felon had not been set aside by judicial clemency at the time of arrest. *See Cuellar*, 70 S.W.3d at 820.

In light of the plain words of the statute and case law interpreting it, we conclude the trial court properly used the Bexar County felony as the predicate felony Atascosa County convictions. *See Jimenez*, 361 S.W.3d at 683–84; *Mason*, 980 S.W.2d at 640. Ruling otherwise could lead to an absurd consequence—it would encourage a race to the courthouse whereby a defendant could escape pending felon in possession charges by seeking judicial clemency for prior felony convictions. *See Martin*, 635 S.W.3d 672. We overrule this issue.

### III.   MOTION TO QUASH INDICTMENT

By his next issue, Matew argues that the trial court erred in denying his motion to quash the indictment because the State could not prove the underlying offense.

### A.   Standard of Review & Applicable Law

---

Sept. 1, 2017; Acts 2017, 85th Leg., ch. 877 (H.B. 3016), § 11(a), eff. Sept. 1, 2017.

This statute was repealed in 2015 and re-codified under Texas Code of Criminal Procedure article 42A.701, the version we cite today. TEX. CODE CRIM. PROC. ANN. art. 42A.701.

11

"The sufficiency of a charging instrument presents a question of law. An appellate court therefore reviews a trial judge's ruling on a motion to quash . . . *de novo*." *State v. Ross*, 573 S.W.3d 817, 820 (Tex. Crim. App. 2019) (quoting *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010)).

A defendant's right to notice of accusations against him are set forth in both the United States and Texas constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The indictment must be specific enough to inform the defendant of the nature of the accusation against him so that he can prepare a defense. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). The Texas Legislature has provided guidance for an indictment's requisite specificity. *Id.* Ordinarily, an indictment is legally sufficient if it tracks the penal statute in question. *State v. Moff*, 154 S.W.3d 599, 602 (Tex. Crim. App. 2004).

## B. Analysis

Here, the indictment required the State to prove that "on or about the 15[th] day of September 2017," Matew was a felon in possession of both a firearm and metal armor within five years of the Bexar County felony. The indictment specifically informed Matew of the charges against him and when they accrued. *See Mays*, 967 S.W.2d at 406. It also tracked both penal statutes in question—Texas Penal Code §§ 46.04(a)(1) (felon possession of a firearm) and § 46.041(b) (felon possession of metal or body armor). *See Moff*, 154 S.W.3d at 602.

Because we previously held that the trial court properly used the Bexar County felony as a predicate felony in this matter, we hold that Matew had sufficient information regarding the charges to prepare his legal defense. *See Mays*, 967 S.W.2d at 406. The

12

trial court did not err when it denied Matew's motion to quash the indictment. *See Moff*, 154 S.W.3d at 601. We overrule this issue.

## IV. THE ADMISSION OF EVIDENCE

### A. Standard of Review

An appellate court applies an abuse of discretion standard of review when reviewing a trial court's ruling on the admission of evidence. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). "A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Id*. (citing *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996)).

### B. Analysis

Matew posits that the trial court abused its discretion because Texas Code of Criminal Procedure article 42A.701 provides that proof of the conviction or plea of guilty for which a person received judicial clemency "shall be made known to the judge if the defendant is *convicted* of any subsequent offense." TEX. CODE CRIM. PROC. ANN. art. 42A.701 (emphasis added). Matew therefore asserts that any evidence of such should only be admitted during the punishment portion of the trial, not during guilt/innocence.

We disagree with this contention. Matew's argument would mean that the State could never introduce evidence of a prior felony in a felony in a possession case until the punishment phase of the case. *See* TEX. PENAL CODE ANN. §§ 46.04(a)(1), 46.041(b). The predicate felony, however, is a basic element to these offenses and evidence regarding the same is therefore admissible. *See Jimenez*, 361 S.W.3d at 680 (noting that, at trial,

13

"[t]he State proved Applicant was a felon by introducing proof of Applicant's prior felony conviction for rape of a child"); *Fennell v. State*, 455 S.W.2d 248, 249 (Tex. Crim. App. 1970) (concluding prior felony conviction for former unlawful possession of a weapon statute "was an essential element of the offense charged in the indictment" and must be proven at the guilt phase of trial); *Cuellar,* 40 S.W.3d at 727–28 ("To prosecute a convicted felon for violation of Section 46.04, the State must prove two elements: (1) the defendant was convicted of a felony; and (2) the defendant possessed a firearm away from his residence.").

We conclude the trial court did not abuse its discretion in admitting evidence of Matew's Bexar County felony conviction. *See Casey*, 215 S.W.3d at 879. We overrule this issue.

## V. THE JURY CHARGE ISSUE

### A. Applicable Law

In reviewing a challenge to a jury charge, we first must determine if the jury charge contained error. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). "[W]e review alleged charge error by considering two questions: (1) whether error existed in the charge; and (2) whether sufficient harm resulted from the error to compel reversal." *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). If error is found, we then analyze the harm resulting from the error. *Id.* at 743. If "an error is preserved with a timely objection . . . then the jury-charge error requires reversal if the appellant suffered some harm as a result of the error." *Sanchez v. State*, 376 S.W.3d 767, 774 (Tex. Crim. App. 2012) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). If the

14

appellant "failed to preserve the jury-charge error, then we would have reviewed the record for egregious harm." *Id.* at 775. "The failure to preserve jury charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary for reversal." *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008).

If the "error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure the rights of defendant,' which means no more than that there must be *some* harm to the accused from the error." *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013) (quoting *Almanza*, 686 S.W.2d at 171). When an "appellant d[oes] not object to the charge, the error does not result in reversal 'unless it was so egregious and created such harm that appellant was denied a fair trial.'" *Warner*, 245 S.W.3d at 461 (quoting *Almanza*, 686 S.W.2d at 171). "Egregious harm deprives appellant of a fair and impartial trial." *Trejo v. State*, 313 S.W.3d 870, 871 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Almanza*, 686 S.W.2d at 171). "Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Servin v. State*, 582 S.W.3d 629, 631 (Tex. App.—San Antonio 2019, no pet.) (quoting *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015)).

To determine harm, we consider four factors: (1) the charge itself, (2) the state of the evidence, including contested issues and the weight of the probative evidence, (3) arguments of counsel, and (4) any other relevant information revealed by the trial record. *Servin*, 582 S.W.3d at 631. To establish both egregious or "some" harm, the "appellant must have suffered actual, rather than theoretical, harm." *Warner*, 245 S.W.3d

at 461. Neither party bears the burden on appeal to prove harm. *Reeves*, 420 S.W.3d at 816.

## B.    Analysis

Matew contends that there was jury charge error because the charge did not include language providing that the State had to prove that the Bexar County felony was a "final" conviction. He submitted the following charge instruction to the court, which the court overruled:

> The State has the burden to prove beyond a reasonable doubt that the felony offense of Impersonating a Public Servant on the 30[th] of October 2013, in cause number 2013CR2339 in the 290[th] District Court of Bexar County, Texas was a final conviction. If you find that it was not a final conviction, you must find the defendant "Not Guilty" on verdict form for Count 1 and Count 2.

Instead, the charge for both counts provided that the State had to prove beyond a reasonable doubt that Matew "had been convicted of a felony, on October 30, 2013, in cause number 2013CR2339, in Bexar County, Texas . . . ."

At the outset, we note that the felon in possession statutes at issue do not include the word "final." *See* TEX. PENAL CODE ANN. §§ 46.04(a)(1), 46.041(b). The statutes instead just require a prior felony "conviction." Here, the jury charge tracked the language of the statute. "A jury charge which tracks the language of a particular statute is a proper charge on the statutory issue." *Riddle v. State*, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994). The statutes do not include the word "final," and we decline to add it. "Adding language to a statute is legislating from the bench." *State v. Doyal*, 589 S.W.3d 136, 152 (Tex. Crim. App. 2019) (quoting *State v. Markovich*, 77 S.W.3d 274, 285 (Tex. Crim. App. 2002) (Keasler, J., dissenting)). This we cannot do.

16

We thus conclude there was no jury charge error. And because there is no error, we need not conduct a harm analysis. *Price*, 457 S.W.3d at 440. We overrule this issue.[5]

## VI.   CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
3rd day of February, 2022.

---

[5] Matew also asserted a fifth, contingent issue on appeal—sufficiency of the evidence to support the conviction. He argued that "if our [c]ourt sustains any one of Matew's objections to the use of the dismissed [p]redicate [f]elony conviction, then the "evidence would be legally insufficient to sustain a conviction under the Felon in Possession Statute(s)." However, we have overruled Matew's objections regarding the use of the Bexar County felony as the predicate felony, thus making this final asserted issue moot. We therefore do not address it. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

17